GEISIN *v.* REBEL CREAMERY CO.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

On appeal from denial of motion for directed verdict, Supreme Court must view the evidence most favorable to plaintiff.

2. AUTOMOBILES—INTERSECTIONS—APPROACH FROM RIGHT.

A motorist who approaches an intersection from another motorist's right is not thereby relieved of exercising due care for his own safety.

3. SAME — INTERSECTIONS — CONTRIBUTORY NEGLIGENCE — DIRECTED VERDICT.

Plaintiff motorist who approached city street intersection at speed of 5 to 10 miles an hour, claims to have looked to left some 40 or 50 feet before reaching intersection and saw no car approaching for distance of 3 blocks, coasted into intersection at 5 miles an hour without again making observation toward left until the instant before collision in center of street 30 feet wide with defendant's car, claimed to have been driven at speed of 60 miles an hour, *held,* guilty of contributory negligence as a matter of law.

Appeal from Wayne; Ferguson (Homer), J. Submitted October 11, 1938. (Docket No. 109, Calendar No. 39,906.) Decided December 21, 1938. Rehearing denied February 1, 1939.

Case by George F. Geisin, Sr., against Rebel Creamery Company, a Michigan corporation, and Albert Peters for personal injuries sustained in an automobile collision at an intersection. Verdict and judgment for plaintiff. Defendant Rebel Creamery Company appeals. Reversed without new trial.

*Frank Schwartz (Joseph G. Aller,* of counsel), for plaintiff.

*Daniel P. Cassidy,* for defendant.

Chandler, J.  On August 30, 1935, at about 9:10
a. m., plaintiff's automobile and one driven by de-
fendant's servant, Albert Peters, collided at the
intersection of Byron and Chestnut streets in the
city of River Rouge, giving rise to this action for
damages in which plaintiff had verdict and judg-
ment.   Defendant appeals.

Both streets are approximately 30 feet in width,
Byron running north and south and Chestnut east
and west.   Plaintiff testified that he was traveling
east on Chestnut and when he was 40 to 50 feet from
the intersection with Byron, he reduced the speed
of his car to about 5 to 10 miles per hour, placed it
in low gear, looked to the north on Byron, saw noth-
ing within the range of his vision of three blocks,
and then proceeded to and across Byron at a speed
approximating 5 miles per hour.   The impact oc-
curred when he reached the center of the intersec-
tion, it being his claim that defendant's car was
traveling at a speed of approximately 60 miles per
hour at the time and partially on the wrong side of
the street.

Plaintiff did not see defendant's car until the
instant before the crash when its presence was called
to his attention by a roar.   He claimed that as soon
as he observed it bearing down upon him, he shifted
his car into second gear, stepped on the accelerator
and attempted to get out of the way, but was unable
to increase his speed sufficiently to do so.

Defendant's motion for a directed verdict made
at the close of plaintiff's proof, which was denied
by the trial court, was based upon the grounds that
plaintiff was guilty of contributory negligence as a
matter of law and that plaintiff had not produced

sufficient evidence to go to the jury on the question as to whether Peters was engaged in business on behalf of defendant at the time the accident occurred.

Defendant claims that plaintiff was guilty of contributory negligence because, although he claimed to have looked, he failed to see that which was visible, and because he coasted into the intersection at a slow rate of speed without again looking for approaching vehicles after making the first observation some 40 to 50 feet west of the intersection.

Bearing in mind that in disposing of this appeal we must view the evidence most favorable to plaintiff, we find that although plaintiff approached the intersection on Peters' right, he was not relieved thereby of exercising due care for his own safety, including the obligation to make proper observation. Plaintiff did exercise this precaution when approximately 40 to 50 feet west of Byron, but failed to look again when he reached the intersection.

Although the testimony does not reveal at what point Peters' car turned into Byron, we will assume that it was at a point considerably north of the place of the accident. If Peters, at a speed of 60 miles per hour, would travel 12 times the distance traveled by plaintiff at 5 miles per hour in going from the west side of Byron at the point of intersection to the place where the accident occurred or a distance of about 15 feet, he must have been some 180 feet north of Chestnut when plaintiff started to cross Byron, and would have been seen by plaintiff at that point had he looked.

We believe that the driver of a motor vehicle, about to enter an intersection who sees another car but 180 feet distant coming toward him from his left at a speed approximating 60 miles per hour, and who, nevertheless, proceeds in low gear at a speed

of 5 miles per hour, to cross the intersection in front of the oncoming vehicle and is struck by the approaching car, would be guilty of contributory negligence as a matter of law, despite the fact that the rear wheels of his car had reached the center of the intersection at the time of the impact.

Thus, under these circumstances, if plaintiff would have been guilty of contributory negligence had he looked and seen Peters and nevertheless proceeded to cross the street, he certainly is not excused because he failed to make any observation at all.

Defendant's motion for a directed verdict should have been granted. It is unnecessary to discuss other questions raised.

Reversed, without a new trial, with costs to defendant.

Wiest, C. J., and Butzel, Bushnell, Sharpe, Potter, North, and McAllister, JJ., concurred.