STEPHENS *v.* KOPROWSKI.

1. APPEAL AND ERROR—JUDGMENT NON OBSTANTE VEREDICTO—EVI-
DENCE—CONTRIBUTORY NEGLIGENCE.

In reviewing trial court's decision denying defendant's motion
for judgment *non obstante veredicto* the facts are viewed
most favorably to plaintiff to ascertain whether the minds
of reasonable men could honestly reach different conclusions
on sole question involved of whether host motorist was
guilty of contributory negligence.

2. AUTOMOBILES—INTERSECTIONS—DUE CARE.

Motorists approaching an intersection must use care commen-
surate with the dangers reasonably to be anticipated.

3. SAME—INTERSECTIONS—CONTRIBUTORY NEGLIGENCE AS A MATTER
OF LAW.

Where there is an entire failure on the part of a motorist ap-
proaching an intersection to maintain observation for on-
coming cars or if he takes a chance in the face of known
danger he must be held guilty of contributory negligence
as a matter of law.

4. SAME—INTERSECTIONS—RIGHT OF WAY—CONTRIBUTORY NEGLI-
GENCE.

The right of way is not an assurance of safety nor of absolute
right under all conditions, as a motorist cannot continue to
assume that another driver on the left will accord the motor-
ist the right of way when there are reasonable indicia to
the contrary, but in the absence of opposing circumstances,
the fact that the motorist has the right of way may tend to
acquit him of contributory negligence.

5. SAME—RIGHT OF WAY NOT ABSOLUTE.

That driver of automobile on right has right of way at street
intersections under 1 Comp. Laws 1929, § 4712, is not an
assurance of safety nor an absolute right in all conditions,
but both drivers must use due care.

Contributory negligence in the face of a known danger, see 2 Re-
statement, Torts, § 466 (a) and comment c.

For violation of a statutory duty as creating liability, see 2 Restate-
ment, Torts, § 286, and comment on clause (d).

For existence of statutory enactments as creating standards of care,
see 2 Restatement, Torts, § 290 (b).

6. NEGLIGENCE—CONTRIBUTORY    NEGLIGENCE—AUTOMOBILES—INTER-
    SECTIONS—RIGHT OF WAY.

    Whether or not motorist, in whose northbound car plaintiff's
        decedent was riding when he received fatal injuries in an ac-
        cident in northeast part of a street intersection, was guilty of
        contributory negligence in proceeding into intersection after
        having seen defendant's eastbound car approaching some
        75 feet from corner when host was but 25 feet therefrom
        *held,* a question for jury where collision took place after de-
        fendant's car had been veered to its left side of street when
        host's car might otherwise have reached a place of safety (1
        Comp. Laws 1929, § 4712).

Appeal from Kent; Hoffius (Cornelius), J.  Sub-
mitted June 5, 1940.  (Docket No. 23, Calendar No.
41,095.)  Decided October 7, 1940.

Case by Cora A. Stephens, administratrix of the
estate of Hilda Stephens, deceased, against Charles
Koprowski for damages caused by death of plain-
tiff's decedent in an automobile collision. Verdict
and judgment for plaintiff.  Defendant appeals.
Affirmed.

*Carmody, Geib & Walsh,* for plaintiff.

*Linsey, Shivel, Phelps & Vander Wal,* for defend-
ant.

BUTZEL, J.  Plaintiff, suing as administratrix of
the estate of Hilda Stephens, deceased, recovered a
judgment for damages arising out of an intersection
collision of defendant's automobile and the car in
which the deceased was riding as a guest passenger.
The sole question here is whether the deceased's
host was guilty of contributory negligence as a mat-
ter of law, which negligence would bar recovery
under the rule of imputed negligence (*Carey* v. *De
Rose,* 286 Mich. 321).

The collision occurred at the intersection of Second street and Lane avenue in the city of Grand Rapids on the 25th day of February, 1939, at about 11 p. m. The two streets are of equal importance, and there were no stop signs or signal apparatus to control the traffic. Plaintiff's decedent was riding in a friend's car in a northerly direction on Lane avenue; defendant was driving in an easterly direction on Second street. The driver of the car in which decedent was riding testified that as he approached the intersection, he was driving about 15 miles per hour and that he maintained a continual watchfulness. Because of an obstructing building on the southwest corner, he did not see defendant's car until he was 20 to 25 feet from the intersection; defendant's car was then about 75 feet from the center of the intersection. The driver further stated that at this point he believed he was far enough up to the intersection to cross with safety before defendant's car would get there, and he accelerated in an attempt to make sure. It appears, or at least for the purposes of this appeal it must be assumed, that he might have been correct if defendant had continued in the same path straight across the intersection. However, defendant started to drive to his left of the center of the street and then turned north as though to follow the other car. When the crossing was half completed, deceased's driver applied the brakes in an unsuccessful attempt to avoid the collision. In the northeasterly quadrant of the intersection, defendant struck the left side of the car in which the deceased was riding and thrust it against a telephone pole just beyond the curb; it rebounded and collided again with defendant's car. Decedent, who was thrown out of the car, died in a few days of the injuries thus sustained. The trial court submitted the case to a jury who found for

plaintiff. A motion for judgment *non obstante veredicto* was denied on the ground that deceased's host was not required to assume that defendant would swerve to the left in a northerly direction upon entering the intersection in an apparent effort to avoid a collision.

In reviewing the trial court's decision denying defendant's motion for judgment *non obstante veredicto*, the facts are viewed most favorably to plaintiff. *Rogers* v. *Railroad Co.*, 289 Mich. 397. The test for our determination is whether the minds of reasonable men can honestly reach different conclusions. *Detroit & Milwaukee R. Co.* v. *Van Steinburg*, 17 Mich. 99; *Thompson* v. *Michigan Cab Co.*, 279 Mich. 370. It is incumbent on drivers approaching an intersection to use care commensurate with the dangers reasonably to be anticipated. *Stuck* v. *Tice*, 291 Mich. 486; *Block* v. *Peterson*, 284 Mich. 88. Where there is an entire failure to maintain observation for oncoming cars, or if a driver "takes a chance in the face of known danger" (*McKelvey* v. *Hill*, 259 Mich. 16), contributory negligence must be concluded as a matter of law. *Smith* v. *Wassink*, 262 Mich. 639; *Carey* v. *De Rose*, 286 Mich. 321; *Geisin* v. *Rebel Creamery Co.*, 286 Mich. 635; *Knight* v. *Merignac*, 281 Mich. 684. In the case before us, the driver whose conduct it is claimed was contributorily negligent as a matter of law had the right of way prescribed by statute (1 Comp. Laws 1929, § 4712 [Stat. Ann. § 9.1580]) and by the traffic ordinances of the city of Grand Rapids (Art. 3, § 10). It is true that the right of way is "not an assurance of safety, nor of absolute right under all conditions" (*Block* v. *Peterson, supra; Rathburn* v. *Riedel*, 291 Mich. 652); the incumbent of the right of way must exercise at least some "horse sense" (*Kerns* v. *Lewis*, 246 Mich. 423), for he cannot continue to as-

sume that the one on the left will accord him the right of way when there are reasonable indicia to the contrary. *Kerr* v. *Hayes,* 250 Mich. 19. In the absence of opposing circumstances, the fact that one driver had the right of way may tend to acquit him of contributory negligence. *Putnam* v. *D.U.R.,* 164 Mich. 342. In *Kerr* v. *Hayes, supra,* Mr. Justice FEAD stated:

"Where a driver reaches a road intersection in advance of another and under conditions of relative distances and speeds as would induce in a reasonably prudent man the belief that he can cross in safety, he is not guilty of negligence in proceeding; and, in forming the belief, the driver may initially assume that the other will use due care and accord him his legal rights, among them the right of way."

In the instant case, the driver, having only about one-third of the distance to travel that defendant had before reaching the intersection, formed a judgment that he could cross with safety; we agree, as the trial court ruled, that he was not bound to assume that defendant, heading straight across, would change his course by swerving to the left and would strike in a part of the intersection that would otherwise be a place of safety. At least the conclusion that might be drawn from a consideration of all the facts was one upon which reasonable minds might differ, and therefore the trial court correctly ruled that it was for the jury to determine whether the driver of the car in which the deceased was riding acted with the prudence expected of him in proceeding as he did.

The judgment is affirmed. Costs to plaintiff.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, MCALLISTER, and WIEST, JJ., concurred. The late Justice POTTER took no part in this decision.