SEYMOUR v. CARR.

1. AUTOMOBILES — INTERSECTIONS — THROUGH     STREET — STOPPING — PROXIMATE CAUSE — QUESTION FOR JURY.

   In action by northbound motorist in east side of boulevarded through street against eastbound motorist on south side of boulevarded stop street where court charged jury that defendant who had failed to stop before entering the intersection was guilty of negligence as a matter of law, matter of proximate cause was properly left to jury under record showing defendant traveled about 100 feet at speed of 12 miles an hour after collision while plaintiff was traveling upwards of 300 feet and its verdict of no cause for action was not against the great weight of the evidence.

2. SAME — THROUGH HIGHWAYS — RIGHT OF WAY — INTERSECTIONS.

   Question as to contributory negligence of northbound motorist on boulevarded, through, heavily-traveled street who struck defendant's eastbound car on stop street, also heavily traveled, before it cleared northbound lane was properly left to jury as the right of way of the motorist on the through street is

Functions of court and jury in determining proximate cause, see 2 Restatement, Torts, § 434.

not a right to proceed in any event and in disregard of any and all circumstances that might be apparent and there is testimony that shortly after the accident plaintiff admitted he was traveling 40 miles an hour and could not see defendant's car because of parked cars.

3. SAME—INSTRUCTIONS—INTERSECTIONS.

Charge to jury in case arising from automobile accident at intersection of through street and stop street, both of which were boulevarded, which clearly and comprehensively stated the claims of the respective parties and applicable rules of law *held*, not to have contained error justifying disturbance of jury's verdict for defendant.

4. NEW TRIAL—INSTRUCTIONS—OMISSIONS TO CHARGE.

Trial court's statements of fact or propositions of law not involved in case before the jury or his failure to direct jury's attention to every material fact or pertinent legal proposition are not grounds for granting a new trial.

Appeal from Wayne; Van Zile (Donald), J., presiding. Submitted June 16, 1943. (Docket Nos. 33, 34, Calendar Nos. 42,389, 42,390.) Decided October 12, 1943. Rehearing denied November 29, 1943.

Separate actions of case by John C. Seymour and another and Veronica Seymour against Clarence M. Carr for injuries sustained in an automobile collision. Cases consolidated. Verdict and judgment for defendant. Plaintiffs appeal. Affirmed.

*Samuel S. Willis, David S. Levi* and *Oren A. Johnson,* for plaintiffs.

*Howard D. Brown* and *Philip N. Marentay,* for defendant.

CHANDLER, J. This is an action for damages resulting from a collision between two automobiles on May 9, 1941, at about 9:30 o'clock in the evening, at the intersection of Outer drive and Southfield road in the city of Detroit.

The appeal is from the verdict of a jury of no cause of action, the entry of a judgment thereon, and from orders denying appellants' motions for judgment *non obstante veredicto* and for a new trial.

These two actions were consolidated for trial as well as appeal. One action was by Veronica Seymour, who was a passenger in the car driven by her husband, John C. Seymour. Her claim is for permanent personal injuries and for loss of earnings. The other action by John C. Seymour is for personal injuries, loss of earnings and medical expenses of himself and wife, and The Fire Association of Philadelphia joined in the action with Mr. Seymour, as subrogee, claiming damages for repairs to the Seymour automobile.

Plaintiff and appellant, John C. Seymour, was driving his car in a northerly direction on Southfield road. Appellee's ward, Jack Tice, accompanied by a girl, was driving his car in an easterly direction on Outer drive. Southfield road is a through street, which at the point of intersecting Outer drive has a width, including the boulevard center, of 92 feet. Outer drive has an overall width, including the boulevard center, of 110 feet. There is a stop sign erected about 25 feet from the southwest corner requiring eastbound traffic on Outer drive to stop before proceeding into the intersection. Both of these streets are prominent thoroughfares, and were designed for and were carrying a large amount of traffic. Plaintiff and appellant, John C. Seymour, lived in the neighborhood of this intersection and was familiar with it.

A review of the record discloses but little dispute in the testimony as to the manner in which the accident occurred. The defendant admitted that he did not stop before entering the intersection, and as an excuse therefor claims he was not familiar with this intersection and did not see the stop sign

which he claims was obstructed by parked cars. His claim is, and it seems to be undisputed, that he was driving at a speed of between 10 and 15 miles per hour; that he slowed up for the intersection, crossed the first lane of traffic, and as he entered the northbound lane he saw plaintiff's car approaching at a speed which he estimates at about 50 miles per hour; and that plaintiff's car struck his car before he was able to negotiate the east lane of traffic.

Plaintiff and appellant, John C. Seymour, testified that he was driving near the center of the northbound lane of Southfield; that his view to the left was obstructed by a mass of parked cars in the parkway; that as he approached Outer drive he was driving at about 40 miles per hour (less than the posted speed) and that upon approaching Outer drive he reduced his speed somewhat. He claims he did not see defendant's car until he was within about 12 to 14 feet of the same. Both Mr. Seymour and Mr. Tice are in agreement that as the car of the other came into view it was too late to avoid the accident. Both parties as they entered this intersection realized that a collision was imminent and each made an attempt to avoid it.

The defendant was given a ticket for violation of the traffic ordinance of the city of Detroit in failing to stop before entering the intersection, and later pleaded guilty to a violation of said ordinance.

At the conclusion of the plaintiff's case, defendant made a motion for directed verdict. The decision was reserved under the Empson act.* At the conclusion of all the proofs, defendant renewed his motion for a directed verdict. Thereupon, plaintiff's counsel likewise made a motion for directed

---

* See 3 Comp. Laws 1929, § 14531 *et seq.*, as amended by Act No. 44, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 14531, Stat. Ann. and Stat. Ann. 1943 Cum. Supp. § 27.1461 *et seq.*).—Reporter.

verdict on the ground that defendant's negligence was admitted, and that there was no question of fact as to any alleged contributory negligence on the part of the plaintiff. Plaintiffs' counsel then called the court's attention to the fact that both parties having moved for directed verdict, the jury should be discharged and all issues determined by the court. After considerable argument requests to charge were filed by both parties. The court declined to take the case from the jury because of the filing of the requests to charge, and because of a statement made by defendant's counsel that he desired to reserve the right to go to the jury. The decision on both motions was, therefore, reserved, the court's charge to the jury given, and the case submitted to the jury. A verdict of no cause of action resulted.

Plaintiffs in their argument on the questions involved state:

"Although the plaintiffs have assigned 16 reasons and grounds of appeal, all of the reasons can probably be classified within four general questions at issue. Those questions are:

"1. Did the court err in refusing to charge the jury that the defendant was guilty of negligence as a matter of law?

"2. Did the court err in submitting the question of plaintiffs' alleged contributory negligence to the jury?

"3. Was the verdict of the jury contrary to the overwhelming weight of the evidence?

"4. Did the court err in submitting the case to the jury, and in his charge?"

The first and third questions presented by plaintiffs require no discussion. The trial court did charge the jury that the defendant was guilty of negligence as a matter of law but submitted to them

the question as to whether such negligence was the proximate cause of the accident. In view of the fact that defendant traveled a distance of over 100 feet at a slow rate of speed, approximately 12 miles an hour, after the alleged negligent act, while plaintiff was traveling upwards of 300 feet, we think a question was presented for determination by the jury as to whether the negligence of defendant was the proximate cause of the accident.

A careful review of the record is convincing to us that the verdict of the jury was not against the clear weight of the evidence.

We cannot invade the province of the jury. Manifestly the jury is in a much better position to determine facts and circumstances than is this court, and a verdict will not be set aside unless it is clearly against the weight of the evidence. We cannot say that it was in the instant case.

We feel that it cannot be said as a matter of law that plaintiff Seymour was free from negligence which contributed to the injuries to plaintiffs. It is apparent to us from all the evidence in this record that an issue is presented where reasonable men might fairly arrive at different conclusions as to whether or not Seymour was guilty of contributory negligence. Such being the case, we hold that this issue was properly submitted to the jury. *Dramis* v. *Dunbar,* 280 Mich. 300. We said in *Holley* v. *Farley,* 289 Mich. 676:

"Under repeated decisions of this court the right of way has attached the duty of making observations of existing conditions and possible precautionary action thereunder."

In *Miller* v. *Cook,* 292 Mich. 683, plaintiff, a pedestrian, instituted suit for personal injuries against two defendants, one occupying a through street and

the other a lesser preferred highway requiring a stop to be made. In sustaining the verdict of the jury which was for damages against the motor vehicle on the through street, and for no cause of action as to the driver on the street requiring a stop to be made, we said:

"Granting the Stehouwer car all the privileges the driver thereof was entitled to because he was traveling on a through street and because he approached from the right of the driver of the Cook car, yet he did not have the right to proceed in any event and in disregard of any and all circumstances that might be apparent."

There was testimony in the case on the part of a police officer, called by plaintiff, that plaintiff Seymour told him that at the time of the accident he was driving about 40 miles an hour and that plaintiff said the reason he did not see defendant's car was because cars were parked in the middle of the road between the two highways which blocked his view; and that he did not see the other car until just about the time they collided. We think this testimony was sufficient to take the case to the jury on the question as to whether or not he was negligent or whether such negligence, if any, contributed to the accident. At this rate of speed, it is quite apparent that plaintiff could not have stopped his car much before reaching the other side of this wide street, which, as the record discloses, was at all times carrying heavy traffic. See *Saunders* v. *Berger,* 297 Mich. 199; *Michaels* v. *Smith,* 240 Mich. 671; *Wallace* v. *Rosenfeld,* 285 Mich. 204; *Ault* v. *Kuiper,* 279 Mich. 1.

Did the trial court commit prejudicial error in his charge to the jury?

We have read and reread the charge of the court in the instant case to ascertain if any error was

committed that would justify disturbing the verdict rendered. We find none.

The charge in its entirety clearly and comprehensively stated the claims of the respective parties, and understandingly presented to the jury the rules of law applicable to the facts as they should find them to be.

The litigation in the instant case involves a simple intersection accident and presents no complicated legal questions which should in any way confuse or mislead the average person sitting as a juror. We find in the instant case that the charge of the court when read as a whole covered all of the essential legal principles necessary for the jury to know to arrive at a verdict in the case.

In *Dubeau* v. *Bordeau,* 291 Mich. 418, Justice NORTH, speaking for the court, said:

"Administration of justice would not be benefited or the end of litigation expedited by placing trial courts in straight jackets in consequence of which it would needs be held there was ground for a new trial whenever the presiding judge in the course of his charge to the jury stated a fact or a proposition of law not involved in the litigated matter, or conversely whenever he failed to direct the jury's attention to every material fact or every pertinent proposition of law. * * * In the instant case the issue for the jury presented by the conflicting testimony was so plain and so simple that it seems incredible the jury was misled in any manner by irregularities in the charge given. This being so we fail to find prejudicial error."

The foregoing statement is equally applicable here.

We find no prejudicial error in the trial and proceedings in the instant case.

Judgment affirmed, with costs to defendant and appellee.

Boyles, C. J., and North, Starr, Wiest, Butzel, Bushnell, and Sharpe, JJ., concurred.