SLIVENSKY *v.* WAYNE.

AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT—
THROUGH HIGHWAYS—INTERSECTIONS—OBSTRUCTION OF VIEW.
> Finding of fact by trial judge, sitting without a jury, that
> northbound motorist on through highway was not guilty of
> contributory negligence in failing to slow down and make
> timely observation of defendant motorist who approached from
> right on side road without stopping before entering through
> highway was not against the great weight of the evidence
> where it appears that a large sign and a cornfield obstructed
> plaintiff's view of the obscure intersection.

Appeal from Gratiot; Davis (Morris K.), J., presiding. Submitted October 13, 1943. (Docket No. 69, Calendar No. 42,525.) Decided December 29, 1943.

Case by August J. Slivensky against Chloia I. Wayne for personal injuries sustained in an automobile accident. Judgment for plaintiff. Defendant appeals. Affirmed.

*Sessions & Warner,* for plaintiff.

*Edward R. Goggin* and *Kelley, Eger & Kelley,* for defendant.

NORTH, J. Plaintiff's suit is for damages sustained incident to an automobile collision. The circuit judge, who heard the case without a jury, rendered judgment in favor of plaintiff. Defendant has appealed.

Appellant's contention is that under the record the circuit judge's finding that plaintiff was free from contributory negligence is against the great weight

of the evidence. In this connection appellant stresses the following facts. Plaintiff was driving on a through highway at a speed of 35 to 40 miles an hour and he made no observation to his right as he approached the intersection of the highway upon which defendant was traveling, and that plaintiff did not see defendant's car until practically the instant of impact; appellant claiming that it appears from the record plaintiff had an opportunity in the exercise of reasonable care to have observed defendant's approach to the intersection at a time when plaintiff's car was traveling toward and was substantially 100 feet from the intersection. Whether appellant is correct in her contentions in the respect noted must be considered in the light of the other facts and circumstances surrounding the collision, and we review them briefly.

On August 1, 1942, about 11 a. m. plaintiff was driving in a northerly direction on the trunkline highway US-27 a few miles north of Ithaca. His two young sons were occupying the front seat of the two-door sedan with plaintiff. Plaintiff's automobile, so far as the record shows, was properly equipped and in a suitable condition for use on the highway. The pavement on US-27 was in a normal condition for driving; and no other vehicular traffic present except defendant's car. As plaintiff approached the intersection of US-27 with an east and west county gravel road defendant was also driving towards the intersection from an easterly direction at a high rate of speed. She paid no attention to the stop sign on the county highway which was located 32 feet east of the east edge of the pavement. At plaintiff's right or at the southeasterly corner of this intersection there was a field of corn and also a sign referred to by the trial judge as a "large sign." According to plaintiff's testimony and that of corroborating witnesses the

cornfield and the sign obstructed his range of vision in the northeasterly direction towards defendant's car. Also a disinterested witness testified in substance that the corner in question was very obscure. We quote briefly from his testimony:

"There were no signs on US-27 indicating there was any cross road, and there was no stop sign on US-27. One driving north on US-27 on that morning could not see the road to the east before he cleared the north end of the cornfield. If a person didn't know the road was there, I wouldn't say you could see it, because the corn was tasseled out. * * * I knew the road was there and it was my habit in driving the road every day to watch and I would always look, but you couldn't see if anybody was back of that cornfield, I would say until you got within 10 feet of the corner because it came right up to the end of the road. At the time of the accident I heard the crash. Some distance back of this intersection to the south as you look to the northeast, you are looking over a rather low part; it tapers down there in kind of a hollow, and as you get closer to the corner looking toward the northeast you are looking at a rise in the corner on which there is a large sign. * * * I would say this is a bad corner; * * * and I watch this one because I knew it was blind. * * * This is a very bad blind corner and unless you knew the road was there you wouldn't recognize it by anything you saw."

Touching the circumstances immediately attending the collision one of plaintiff's sons, Warren Slivensky, who was approximately 11 years of age at the time of the accident and was riding in the front seat of the automobile with his father, testified:

"When we were out on the highway * * * before he could get to the corner you couldn't see nothing; but when you got in the clearing he got hit. I mean by the clearing, when we got out by the road when you

could see things that were coming down the gravel road, and when I first saw this other car coming I said, 'Dad, you are going to get hit,' and when I said 'hit' we got hit. Our car was struck right by the panel where I was sitting. When I saw this other car coming it looked like it was coming right straight, and that was just after we got by the edge of the cornfield. I was sitting on the right side of the car. * * * *

"*Q.* When you said to your dad, 'Look out, we are going to get hit,' how far from the pavement, from the edge of the pavement was the other car?

"*A.* I exactly don't know because it happened so fast. * * *

"*Q.* How did you know, Warren, that you were going to get hit?

"*A.* I was watching the road and I didn't see it until we got right there, and when we got out in the clearing there the car was right up on us."

Our review of this record brings the conclusion that the foregoing testimony and other testimony of like character presented an issue of fact for the determination of the circuit judge who was sitting without a jury as to whether plaintiff was guilty of contributory negligence, notwithstanding plaintiff's testimony that he did not look to his right as he approached this intersection nor did he diminish the speed of his automobile. In his findings the trial judge said:

"Plaintiff was not familiar with the township (county) road upon which defendant was driving. * * * I am satisfied that August Slivensky could not have seen the car driven by defendant on the day of the collision, until he got practically to the south line of the intersection. The looking by August Slivensky in the direction of the car being driven by defendant would not have prevented the collision for the reason that August Slivensky could not have seen said car until he was very close to the intersection. * * * Clearly, the defendant was guilty of negli-

gence. I find that August Slivensky was not guilty of any contributory negligence.''

On the record before us we cannot say that the finding of the trial judge as to contributory negligence was not sustained by the evidence. The judgment entered in the circuit court is affirmed.

BOYLES, C. J., and CHANDLER, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.