MARRS *v.* TAYLOR.

1. Automobiles—Contributory Negligence—Evidence—Proximate Cause.

Contributory negligence of plaintiff's husband, driving car westerly on trunk-line highway when it collided with defendant's northerly-bound car from inferior side street within village limits, was properly left to jury where testimony of the respective parties is in conflict as to just how and where the collision occurred, the presence of other cars nearby when the center of the intersection was reached, speed of car in which plaintiff was riding and whether or not defendant's car should have been noticed.

2. Appeal and Error—Questions Reviewable—Briefs—Statement of Questions Involved.

The Supreme Court does not pass upon arguments, raised in briefs, which were not included in the statement of questions involved (Court Rule No 67, § 1 [1945]).

Appeal from Cass; Mosier (Carl D.), J. Submitted April 6, 1950. (Docket No. 20, Calendar No. 44,586.) Decided May 18, 1950.

Case by Kathryn Marrs against Frederick J. Taylor for damages resulting from automobile accident. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

References for Points in Headnotes

[1] 5 Am Jur, Automobiles, § 703 *et seq.*
[2] 3 Am Jur, Appeal and Error, §§ 695, 700.

*Jones & Theiss,* for plaintiff.

*Jackson, Fitzgerald, Dalm, Nims, Sage & Wheeler,* for defendant.

BUTZEL, J.     Kathryn Marrs brought an action against Frederick J. Taylor for personal injuries and property damage resulting from a collision of defendant's automobile and the one owned by plaintiff and being driven by her husband. The trial court denied defendant's motion for a directed verdict. The jury, in answer to a special question submitted, found that Mr. Marrs was free of contributory negligence and returned a general verdict for plaintiff. Defendant appeals. The only questions raised are, (1) was Mr. Marrs guilty of contributory negligence as a matter of law, and if so, (2) was that negligence imputed to plaintiff.

Plaintiff and her husband conducted their separate businesses in a building in Jones, Michigan, as one establishment. Plaintiff assisted Mr. Marrs in his enterprise and her automobile was used to pick up supplies for the business of each of the spouses.

August 12, 1946, was a bright, clear day. Plaintiff was a passenger in her automobile between 9:30 and 10:30 on that morning. Her husband was driving the vehicle in a westerly direction along M–60, a State trunk-line highway, in the village of Cassopolis, where both had intended to do some shopping. He approached the intersection of Rowland street, an inferior road, at a speed of about 20 to 25 miles per hour. A collision occurred with defendant's automobile, which proceeded either in a north or northwest direction. The testimony is conflicting as to whether the accident happened in the intersection or whether the portion of plaintiff's vehicle which received the impact had already gone through it. Wit-

nesses were not in accord as to the final positions of the respective cars after the collision.

M–60 extends east and west in the vicinity of the accident. Rowland street, which is 20 to 30 feet wide, runs north and south, and the evidence conflicts as to whether it has a sidewalk. An automobile service garage is located on the southeast corner of the intersection. It is constructed close to the sidewalk of M–60 and right up to Rowland street and prevents observations south on the latter by a driver approaching from the east along the former.

There was testimony on behalf of the plaintiff that defendant's car, apparently turning left onto M–60, overtook her vehicle from slightly to the rear and to the left and struck its left-front wheel just as the front portion of the Marrs vehicle was clear of the intersection. Her husband testified that as he was traveling through the intersection he was looking forward and defendant's car was not visible in front of him; that no car was near him at the center of the intersection; that defendant approached from slightly to the rear of Mr. Marrs' left side; that defendant was "angling" in a northwest direction, evidently turning left onto M–60; that defendant was just a shadow at the left door and was not observed until he struck the Marrs car; that defendant collided with the left-front wheel of the plaintiff's vehicle at a point 10 to 15 feet west of Rowland street; and that there was nothing Mr. Marrs could have done to prevent the accident.

Defendant, on the other hand, testified that he approached the intersection from the south, came to a complete stop and a little girl ran in front of him; that he waved to a friend standing on the southeast corner either before or after the child had gone by; that he knew M–60 was a trunkline; that he did not know just how far he could see down M–60 to the east from where he stopped, as the corner is rather

obstructed; that he started straight across the highway in low gear and did not "imagine" he attained a speed of over 10 miles per hour before the collision occurred; that his car was on the right side of Rowland street and about 5 or 6 feet north of the center line of M-60 when it was struck at the right front wheel by the left headlight of the plaintiff's car. On cross-examination he also testified as follows:

"Q. How far could you see down the street to the east from where you were?

"A. I could see all the way.

"Q. All the way—then you saw Mr. Marrs progressing along in the street?

"A. I did not.

"Q. In fact you didn't see him until you struck him, did you?

"A. That is for sure. I did not see Mr. Marrs until the collision occurred."

For the purpose of this appeal, defendant has conceded his own negligence. He asserts that plaintiff's husband was guilty of contributory negligence as a matter of law, and that plaintiff is thereby precluded from recovery. Without undertaking to present a lengthy discussion of the many cases presented by counsel, we feel that the trial court did not err in leaving for the determination of the jury the question of Mr. Marrs' contributory negligence. While the driver of a vehicle with the right of way on a through street has the duty of making observations of existing conditions and thereupon taking possible precautionary action (*Holley* v. *Farley,* 289 Mich 676; *Seymour* v. *Carr,* 307 Mich 109), the determination of whether the accident occurred in the intersection or beyond, the apparent inability to make any observation to the south until reaching the intersection, and the testimony that there were no cars nearby when the center of the intersection was reached, present a situation where reasonable minds

may differ as to whether Mr. Marrs had made proper observations and, if not, whether such negligence, if any, contributed to the accident. Considering the nature of the intersection, the speed at which plaintiff's vehicle approached it, the question of when, if at all, defendant's presence should have been noticed, and the distance which would be covered in the reaction time after that presence might be noticed, we feel that the matter was properly submitted to the jury. *Slivensky* v. *Wayne,* 307 Mich 443; *Seymour* v. *Carr, supra.*

We do not decide the question of whether contributory negligence on the part of Mr. Marrs would have been imputed to his wife, as owner of the automobile. While another subject is raised in the argument, we find it without merit and requires no discussion. Suffice it to say that we do not pass upon arguments raised in the briefs but which were not included in the statement of questions involved. Court Rule No 67, § 1 (1945); *Whitley* v. *Tessman,* 324 Mich 215; *Mitchell-Morris & Co., Inc.,* v. *Samaras,* 325 Mich 425, and cases therein cited.

Judgment is affirmed, with costs to plaintiff.

BOYLES, C. J., and REID, NORTH, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred.