## OHMAN v. VANDAWATER.

1. APPEAL AND ERROR—DIRECTED VERDICT—JUDGMENT NON OBSTANTE VEREDICTO—EVIDENCE.

   The facts are recited from the point of view of the plaintiff on appeal from denial of defendants' motions for directed verdict and for judgment *non obstante veredicto.*

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR TRIER OF FACTS.

   A question of fact as to whether plaintiff was guilty of contributory negligence was presented, where the testimony is such that the minds of reasonable men can honestly reach different conclusions.

3. AUTOMOBILES—INTERSECTIONS—RIGHT-OF-WAY.

   A motorist is not guilty of negligence if he reaches a road intersection in advance of another and crosses it under such conditions of relative distances and speeds as would induce in a reasonably prudent man the belief that he can cross in safety, as he may initially assume that the other will use due care and accord him his legal rights, among them the right-of-way (CLS 1954, § 257.649).

4. SAME—INTERSECTIONS—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

   Verdict for eastbound plaintiff motorist, claimed to be guilty of negligence as a matter of law, was supported by evidence, where it was such that jury could have concluded plaintiff had the right-of-way over southbound defendant who was traveling some 5 times as fast, was on the wrong side of the road and that collision at unprotected intersection would not have occurred had the defendant proceeded on west side of the road.

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error §§ 405, 886.
[2] 38 Am Jur, Negligence § 348.
[3, 4] 5 Am Jur, Automobiles §§ 297, 299.
[4] 5 Am Jur, Automobiles § 617.

Appeal from Newaygo; Pugsley (Earl C.), J. Submitted June 6, 1956. (Docket No. 19, Calendar No. 46,774.) Decided October 1, 1956.

Case by Paul M. Ohman against Jennie Vandawater and Keith Vandawater for damages for personal injuries sustained in automobile collision. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*J. Donald Murphy,* for plaintiff.

*Reagh, Warren & Denfield,* for defendants.

EDWARDS, J. This case involves an automobile accident at an unprotected intersection in a small town. The plaintiff, who prevailed in the trial below, suffered a fractured left shoulder and fracture of 3 of the vertebrae of his spine when the left rear of his automobile was struck by the left front of the defendant's car and spun end for end and overturned by the impact. The impact occurred in a quadrant of the intersection where plaintiff had a right to be and defendant did not.

On appeal to the Supreme Court the defendants admit the negligence of the defendant driver and the reasonableness of the jury award of $13,722.82. They argue that plaintiff's recovery should be barred by his own contributory negligence, and contend that Circuit Judge Earl C. Pugsley erred in failing to direct a verdict before submitting the matter to a jury, or in overruling a motion for a judgment *non obstante veredicto* thereafter. On such an appeal we recite the facts from the point of view most favorable to the cause of the prevailing party. *Detroit & Milwaukee R. Co.* v. *Van Steinburg,* 17 Mich 99; *Rogers* v. *Grand Trunk Western R. Co.,* 289 Mich 397; *Stephens* v. *Koprowski,* 295 Mich 213.

On September 13, 1953, at 3:30 o'clock p.m., Paul M. Ohman, plaintiff and appellee, a gasoline station operator in the village of Hesperia, started home for lunch. He was proceeding in an easterly direction on South street and 1 block from his station approached the intersection of Cook street while traveling, according to his testimony, at approximately 10 miles per hour. This intersection was at the time in question unprotected by either traffic signals or stop signs. Plaintiff testified that as he approached this intersection, when 30–35 feet west of it he looked north on Cook street and saw nothing, that he then looked again when he was approximately 2–3 feet from the intersection but saw nothing, and that he made observation again 2–3 feet after he had entered the intersection, at which time he saw an automobile driven by defendant Keith Vandawater, and owned by his mother, Jennie Vandawater, approaching at a high rate of speed 150 feet away, traveling south toward him at around 50 miles an hour.

Plaintiff testified that he formed the judgment that if he then applied his brakes he would stop immediately in the path of Vandawater's vehicle, but that he did have time to clear the intersection. Whereupon, he testified, he increased his speed to 12–14 miles per hour, but Vandawater, at a point approximately 50 feet from the intersection, swerved across the center line of Cook street and struck the Ohman car in the left rear with the left front of the Vandawater car. The impact caused plaintiff's car to be thrown into the air and spin around from end to end. While the rear end was turning it hit a fire hydrant located on the southeast corner of the intersection and overturned.

The only eyewitnesses to the accident were plaintiff Ohman, Keith Vandawater, the 18-year-old driver of the defendant's car, and his 14-year-old girl friend who was in the Vandawater automobile. In-

dependent testimony, however, established that the Vandawater car left skid marks astraddle the center of Cook Street for 37 feet prior to the point of impact. The testimony of police officers identified the point of impact as being in the southeast quadrant of the intersection, hence, on the right-hand side of the road in which the plaintiff was proceeding, and more than halfway through the intersection he was crossing. Both plaintiff and the police officers testified that there was sufficient room for defendant to have passed safely behind plaintiff, had defendant remained on the west half of Cook street.

Defendant Keith Vandawater testified, however, that it was he who entered the intersection first, that he did not see plaintiff Ohman until he, Vandawater, was to the crosswalk of the intersection and that he was only going 25 miles an hour approaching the intersection and had slowed to 5 miles per hour by the point of impact. He also testified that plaintiff was going faster than he claimed. Obviously the jury accepted the plaintiff's version of the happening and rejected the defendant's.

Both streets in question were paved with 20 feet macadam strips and had rather broad shoulders. On the northwest corner, across which plaintiff asserts he sought to observe defendant's car, there was a hedge paralleling Cook street just beyond the sidewalk, and there were 2 trees.

In addition Cook street north of the intersection, at a distance of approximately 200 feet, fell off sharply down a hill, thereby affecting observation to a degree which was hotly disputed at trial. Suffice it to say that the pictures of the above situation introduced in evidence might have afforded a jury a plausible explanation for plaintiff's failure to see defendant on the occasion of the second observation in the direction from which his ultimate peril came.

Our problem concerning plaintiff's observations

.and his decision to proceed was phrased by Mr. Justice Butzel thus:

"The test for our determination is whether the minds of reasonable men can honestly reach different conclusions." *Stephens* v. *Koprowski, supra,* p 216.

In that case involving quite a similar factual situation, the Court quoted with approval the following:

"Where a driver reaches a road intersection in advance of another and under conditions of relative distances and speeds as would induce in a reasonably prudent man the belief that he can cross in safety, he is not guilty of negligence in proceeding; and, in forming the belief, the driver may initially assume that the other will use due care and accord him his legal rights, among them the right-of-way." *Stephens* v. *Koprowski, supra,* p 217.

From the evidence here the jury could have found that defendant's speed approaching the intersection exceeded plaintiff's by 5 times, that he was traveling astride the center line of the road, and that the collision took place in the far right-hand quadrant of the intersection, from plaintiff's point of view, and the far left-hand one from defendant's point of view. The jury could also have found from this record that if defendant had proceeded through the intersection on his own side of the road there would have been no accident. Finally, there were facts from which the jury could have concluded that plaintiff had the statutory right-of-way under CLS 1954, § 257.649 (Stat Ann 1952 Rev § 9.2349).

Mr. Justice Cooley's classic definition of negligence and contributory negligence in *Detroit & Milwaukee R. Co.* v. *Van Steinburg, supra,* p 119, concludes:

"Moreover, if the danger depends at all upon the action of any other person under a given set of cir-

cumstances, the prudence of the party injured must be estimated in view of what he had a right to expect from such other person, and he is not to be considered blameable if the injury has resulted from the action of another which he could not reasonably have anticipated. Thus the problem is complicated by the necessity of taking into account the 2 sets of circumstances affecting the conduct of different persons, and is only to be satisfactorily solved by the jury placing themselves in the position of the injured person, and examining those circumstances as they then presented themselves to him, and from that standpoint judging whether he was guilty of negligence or not. It is evident that such a problem cannot usually be one upon which the law can pronounce a definite sentence, and that it must be left to the sifting and determination of a jury."

We believe that there was ample evidence presented to the jury in this case from which it could have concluded that plaintiff's actions in this matter had been those of an ordinarily prudent person and that he had established freedom from negligence which contributed as a proximate cause to the happening of this accident.

There are many Michigan cases where a similar ruling has been made in fact situations with marked similarities. *Tregonning* v. *Castantini,* 243 Mich 233; *Grodi* v. *Mierow,* 244 Mich 511; *Stephens* v. *Koprowski, supra; Saunders* v. *Joseph,* 300 Mich 479; *Hicks* v. *Gillespie,* 346 Mich 593.

While this case does not suggest any general review of law pertaining to contributory negligence, it would not be fair to the bar for us to fail to comment on those cases cited by counsel for the defendants to establish a contrary view. Those principally relied upon are: *Smith* v. *Wassink,* 262 Mich 639; *Wells* v. *Oliver,* 283 Mich 168; *Geisin* v. *Rebel Creamery Co.,* 286 Mich 635; and *Seymour* v. *Carr,* 307 Mich 109.

The *Seymour Case* is patently inapplicable, since it simply held that in a somewhat similar situation the jury could have found, as reasonable men, facts to justify their verdict for the defendant.

In the *Smith Case* the plaintiff driver apparently failed to establish any evidence of observation at all prior to entering the intersection.

The *Geisin* and *Wells Cases* may, likewise, be distinguished factually from the instant case. However, to the extent that language in these cases implies that the excessive speed of a defendant's car has no bearing on the question of plaintiff's freedom from contributory negligence, such language is inconsistent with this opinion and is hereby overruled.

Judgment of the court below is affirmed. Costs to appellee.

DETHMERS, C. J., and SHARPE, SMITH, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.