TUCKER *v.* GILLETTE.

1. Automobiles—Negligence—Excessive Speed—Evidence—Stop Sign.

Plaintiff's contention that excessive speed of his vehicle on urban through street could not, as a matter of law, be a proximate cause of accident where his car was struck by defendant's automobile which proceeded into the intersection without stopping for a stop sign and struck plaintiff's car, since regardless of his speed he would not have been harmed at all had defendant stopped at the stop sign, *held*, well taken, and to establish defendant's negligence as *a* proximate cause of plaintiff's injuries and record discloses that the jury was so instructed.

---

References for Points in Headnotes

[1]  7–8 Am Jur 2d, Automobiles and Highway Traffic §§ 373, 375, 718.
[2]  8 Am Jur 2d, Automobiles and Highway Traffic § 718.
[3]  8 Am Jur 2d, Automobiles and Highway Traffic § 750.
[4]  8 Am Jur 2d, Automobiles and Highway Traffic § 749.
[5]  7–8 Am Jur 2d, Automobiles and Highway Traffic §§ 355, 736.
[6]  8 Am Jur 2d, Automobiles and Highway Traffic §§ 994, 1002, 1005, 1006.
[7]  53 Am Jur, Trial §§ 231–233.
[8]  8 Am Jur 2d, Automobiles and Highway Traffic §§ 1018, 1019.

2. SAME—VIOLATION OF CITY TRAFFIC ORDINANCE—EXCESSIVE SPEED.

Evidence from which a jury could find that plaintiff in automobile negligence action was driving at excessive speed contrary to a local traffic ordinance would be evidence of plaintiff's negligence according to law.

3. SAME—CONTRIBUTORY NEGLIGENCE—THROUGH STREET—INTERSECTIONS—QUESTION FOR JURY.

Contributory negligence of northbound plaintiff motorist on through street of city was properly left to jury, and evidence supported verdict for westbound defendant on such issue, where plaintiff had observed defendant approaching on stop street and slowing down, but had thereafter ignored defendant's approach until she hit plaintiff, without actually having stopped before entering the intersection.

4. SAME—ARTERIAL RIGHT-OF-WAY—QUESTION OF FACT FOR JURY.

That arterial right-of-way must be absolute in favor of public policy of rapid transit, so that one having such right-of-way may assume, in the absence of visual evidence to the contrary, that the operator of a vehicle approaching an intersection on a stop street will observe the traffic sign and stop *held*, to present a question of fact for the jury as to due care of motorist on through street of city.

5. SAME—PUBLIC POLICY—RAPID TRANSIT—ARTERIAL RIGHT-OF-WAY.

The public policy in favor of rapid transit, that arterial right-of-way must be absolute, is not persuasive inside the city limits, and is not a convincing argument for an absolute right-of-way, since along with an increased lawful speed necessarily goes a heavier burden of diligence in maintaining a vigilant lookout for automobiles approaching the traffic's artery from either side.

6. APPEAL AND ERROR—NEGLIGENCE—EVIDENCE.

Finding of lower court in automobile negligence action, that there was ample evidence as to plaintiff's speed and proper lookout for a jury to find causative contributory negligence on the part of plaintiff, *held*, supported by the record.

7. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE—QUESTIONS FOR JURY.

The jury is the only institution known to our law capable of resolving the questions of negligence, contributory negligence, and proximate cause.

8.. Appeal and Error—Instructions.
 ·. Plaintiff's contention that trial court did not clearly instruct the
     jury in response to its specific questions in automobile negli-
 . . . gence action *held*, not well taken, where the instruction com-
     plained of was responsive to the question put and required no
     repetition or explanation.

Appeal from Genesee; Parker (Donn D.), J. Submitted Division 2 November 9, 1966, at Lansing. (Docket No. 1,502.) Decided February 28, 1967.

Complaint by Leslie D. Tucker, guardian of Lawrence P. Tucker, a minor, against Carol Gillette to recover for injuries to Lawrence P. Tucker resulting from an automobile accident allegedly caused by defendant's negligence. Judgment for defendant. Plaintiff's motion for judgment notwithstanding the verdict was denied. Plaintiff appeals. Affirmed.

*Robert A. Grimes,* for plaintiff.

*Milliken & Magee (Herbert A. Milliken, Jr.,* of counsel), for defendant.

. Fitzgerald, J. Plaintiff brought an action in 1964 to recover for injuries resulting to his ward from an automobile accident allegedly caused by defendant's negligence. Plaintiff's ward, hereinafter referred to as plaintiff, at the time of the accident, was proceeding north in his automobile on Franklin street, a through street in the city of Flint with a posted speed limit of 30 miles per hour. Defendant, in her automobile, approached the Franklin street intersection heading west on Second street, which is controlled by a properly placed stop sign at the intersection with Franklin street.

As plaintiff entered the intersection, defendant failed to observe the stop sign, and her automobile struck plaintiff's automobile in the side, causing the

plaintiff to lose control, to hit a tree, and to sustain injuries.

Evidence at trial conflicted on several material points. The officer testified that plaintiff told him at the accident scene that he was driving 45 miles per hour, but agreed on cross-examination that, at the time, plaintiff was dazed and bleeding, and observed, "Well, it is possible for people to say most anything when in a dazed condition."

The plaintiff testified he was traveling 30 miles per hour, was knocked unconscious, and recalls nothing of what he may have said immediately after the accident.

On one occasion defendant claimed that, just after the accident, plaintiff said that he was going too fast. But on cross-examination, she denied that plaintiff said anything on this occasion. An eyewitness testified that immediately after the accident the plaintiff was stunned and bleeding.

Plaintiff testified that just before the accident he observed the defendant approaching the intersection at about 20 miles per hour and slowing down. According to his own testimony, plaintiff made no attempt to reduce his speed or to stop and did not see the defendant's automobile again until the collision.

Plaintiff testified that he was aware of the existence of the stop sign controlling Second street at the Franklin street intersection and expected the defendant to observe it. Defendant testified that she saw the stop sign only when she was directly beside it, she hit the brake, "became confused or something," then released the brake and accelerated into the intersection, veering to the right as she struck the plaintiff's automobile.

The jury was charged that, as a matter of law, "defendant was negligent" and that "such negli-

gence was a proximate cause of the injuries." The court instructed the jury that, "If you find that the plaintiff was guilty of contributory negligence, your deliberations are at an end and your verdict would be no cause for action."

After some deliberation, the jury asked the court, "If the plaintiff were negligent to any extent to what extent would he still be eligible. according to the law to receive payment for damages?" The court answered, "Only if you find that the plaintiff's contributory negligence is not a substantial factor for bringing about the harm. There are two elements to it, to contributory negligence, both the existence of negligence and the fact that such negligence is a proximate cause of bringing about the harm, both contributory negligence and causation."

After further deliberation, the jury found no cause of action. Plaintiff's motion for a judgment *non obstante veredicto* was denied and judgment was entered for defendant.

The plaintiff appeals, asking this Court to direct the trial court to enter a judgment *non obstante veredicto* in plaintiff's favor and to order a new trial on the issue of damages only.

Three issues are raised. First, plaintiff argues that under the facts of this case, excessive speed cannot, as a matter of law, be a proximate cause of the accident so as to bar plaintiff's recovery on grounds of contributory negligence. Plaintiff reasons that regardless of his speed he would not have been harmed at all had defendant stopped at the stop sign. We can only agree. This establishes defendant's negligence as a cause of plaintiff's injuries, and the jury was so instructed.

The crucial question at trial and on appeal, however, concerns plaintiff's contributory negligence and its proximate causative relation to the accident.

There was evidence from which the jury could have found that plaintiff was driving at an excessive speed contrary to a local traffic ordinance. If they so found, this would be evidence of plaintiff's negligence according to law. *Hodgdon* v. *Barr* (1952), 334 Mich 60, 71.

Speed was not the only fact at issue bearing on plaintiff's contributory negligence. The jury could consider the question of plaintiff's diligence or negligence in keeping a proper lookout for traffic approaching from either side. Plaintiff noticed defendant approaching the intersection and then ignored defendant's approach until she hit him. Factually, this is a stronger case for jury determination of plaintiff's contributory negligence than was *DeVries* v. *Owens* (1940), 295 Mich 522, where the Supreme Court held that plaintiff's contributory negligence was a jury question on facts very similar to those present here.

Plaintiff cites no persuasive authority for the proposition that on this issue and that of his excessive speed, contributory negligence, and proximate causation were not questions for the jury. In *Gregg* v. *Goodsell* (1962), 365 Mich 685, the plaintiff could not see defendant's approach because his view was obstructed.

Under the facts of this case, contributory negligence and causation are questions of fact to be determined by the jury. Plaintiff cites certain cases which suggest that arterial right-of-way must be absolute in favor of the policy of rapid transit, that one having the right-of-way may assume, in the absence of visual evidence to the contrary, that the operator of a vehicle approaching an intersection on a stop street will observe the traffic sign and stop. But manifestly this cannot be treated as a matter of law. Uniformly, the cases have allowed the jury

to decide this as a matter of fact, *e.g., Breker* v. *Rosema* (1942), 301 Mich 685 (141 ALR 867). The policy argument in favor of rapid transit is not as persuasive inside the city limits and, in any case, is not a convincing argument for an absolute right-of-way. Along with an increased lawful speed necessarily goes a heavier burden of diligence in maintaining a vigilant lookout for automobiles approaching the traffic artery from either side.

We are in accord with the Supreme Court's majority reasoning in *Krause* v. *Ryan* (1955), 344 Mich 428, followed in *DePriest* v. *Kooiman* (1966), 2 Mich App 431. The jury is the only institution known to our law capable of resolving this question.

There was ample evidence going to plaintiff's speed and proper lookout for a jury to find causative contributory negligence on the part of the plaintiff. We shall not disturb that finding. *Seymour* v. *Carr* (1943), 307 Mich 109.

Plaintiff further argues that the court did not clearly instruct the jury upon specific request. The instruction complained of was responsive to the question put and required no repetition or explanation. *Schreiner* v. *American Casualty Company* (1965), 1 Mich App 43.

Judgment is affirmed, with costs to appellee.

QUINN, P. J., and T. G. KAVANAGH, J., concurred.