SATTIEWHITE *v.* DE LA CUADRA

1. AUTOMOBILES — INTERSECTIONS — STATUTORY RIGHT-OF-WAY — STANDARD OF CARE.

A driver having the statutory right-of-way at an intersection does not have an absolute right and both the favored driver on a through street and the inferior driver on the secondary street must exercise due care (MCLA § 257.649).

2. AUTOMOBILES — INTERSECTIONS — STATUTORY RIGHT-OF-WAY — DRIVER'S DUTY.

A motorist who has the statutory right-of-way at an intersection has the duties of making proper observation of existing conditions and of taking precautionary action as a result of the observation (MCLA § 257.649).

3. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—STATUTORY RIGHT-OF-WAY.

Determination that the plaintiff in an automobile negligence case was contributorily negligent in not keeping a proper look-out was supported by the record where evidence showed that the defendant's car was visible in enough time for the plaintiff, the favored driver on the through street, to have avoided the accident, the plaintiff testified that he did not see the defendant's vehicle until just before the accident, and the defendant testified that she had entered the intersection where the collision occurred slowly and was half-way in the intersection at the time of impact.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 735, 736.
[3] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 355, 361.
Applicability of last clear chance doctrine to collisions between motor vehicles crossing at intersection. 20 ALR3d 124.

Appeal from Wayne, Neal Fitzgerald, J. Submitted Division 1 January 5, 1971, at Detroit. (Docket No. 8214.) Decided February 23, 1971.

Complaint by Lawrence and Myrtle Sattiewhite against Genoveva de la Cuadra for damages for personal injuries sustained in an automobile collision. The Secretary of State, as Director of the Motor Vehicle Accident Claims Fund, appeared for defendant. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Blum & Sternberg* (by *Samuel A. Graber*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Joseph B. Bilitzke,* Assistant Attorney General, and *John F. Potvin,* Special Assistant Attorney General, for the Secretary of State.

Before: R. B. BURNS, P. J., and J. H. GILLIS and DANHOF, JJ.

PER CURIAM. Plaintiff, Lawrence Sattiewhite, was injured in an automobile accident at the intersection of East Grand Boulevard and Trombly in Detroit on October 3, 1967. Plaintiff, the favored driver, was driving his automobile north on East Grand Boulevard, a wide, heavily-traveled, through street. Defendant, heading east on Trombly, brought her automobile to a stop at the intersection in compliance with stop signs on Trombly. Believing that plaintiff's automobile was far enough away to permit her to cross the boulevard with safety, defendant entered the intersection; a collision occurred. At the point of impact, plaintiff

swerved unsuccessfully to avoid hitting defendant's automobile. On appeal, defendant concedes that she negligently operated her automobile at the time of the accident. However, the trial court sitting without a jury, felt that plaintiff had been contributorily negligent and thus rendered a judgment for defendant. From this decision, plaintiffs appeal.

Plaintiffs maintain on appeal that the trial court's findings of fact are not supported by the evidence. This Court does not, of course, set aside factual determinations by a lower court sitting as trier of fact unless they are clearly erroneous. GCR 1963, 517.1. After a thorough review of the record below, we are unable to hold that the trial court clearly erred in arriving at the facts of the case.[1]

Nor do we find that the trial court misapplied the law in rendering its decision. The statutory right-of-way[2] is not an absolute right and both the favored driver on the through street and the inferior driver on the secondary street must exercise due care. *Kerr* v. *Hayes* (1930), 250 Mich 19; *Block* v *Peterson* (1938), 284 Mich 88; *Koehler* v. *Thom* (1938), 285 Mich 593. To the privilege of the

---

[1] The trial court was of the opinion that plaintiff did not exercise due care in traveling up the boulevard inasmuch as plaintiff apparently did not keep a proper lookout ahead for dangerous conditions and, had plaintiff been duly observant, he could have avoided the accident. First of all, while plaintiff testified that, as best as he could recall, he had been watching for hazardous situations as he progressed along the street, he also testified that he did not see defendant's motor vehicle until an instant before the collision. Defendant gave testimony to the effect that she was halfway into the intersection when the automobiles collided and that she entered the intersection slowly. A police officer testified that the through street, the boulevard, was the wider of the two streets. Extensive use of a blackboard diagram to fix the positions of the automobiles also aided the trial court. From this evidence the trial court concluded that defendant's automobile was visible and, had plaintiff been duly observant, he could have seen defendant's automobile in time to have prevented the collision.

[2] MCLA § 257.649 (Stat Ann 1968 Rev § 9.2349).

statutory right-of-way accorded the favored driver, that operator has, additionally, duties of making proper observation of existing conditions and of taking precautionary action as a result. *Holley* v. *Farley* (1939), 289 Mich 676.[3]  Where, as here, there is some question as to whether the favored driver failed to exercise due care by failing to notice defendant's automobile until the instant before the point of impact, this question of contributory negligence is one for the trier of fact. *Marrs* v. *Taylor* (1950), 327 Mich 674; *Campbell* v. *Osterland* (1938), 283 Mich 175; *Tucker* v. *Gillette* (1967), 6 Mich App 210.[4]  The trial court sifted through the facts as presented to him and concluded that plaintiff's failure to observe defendant's car constituted contributory negligence which was a proximate cause of the accident. We are unable to find any of these factual resolutions to be clearly erroneous and think the trial court properly applied prevailing law.

Affirmed.   Costs to defendant.

---

[3] *McGuire* v. *Rabaut* (1958), 354 Mich 230, cannot be said to be in derogation of this principle. While it is true that the favored driver need not have his car under such control as to be able to avoid an accident with a subordinate driver who darts out illegally into his path and that the negligence of the favored driver must be scrutinized in light of an impending danger which the favored driver's *continuing* observations should reveal to a reasonably prudent person, we cannot read *McGuire* to mean that the favored driver may proceed along a through street or trunkline highway, blithely ignoring potentially hazardous traffic conditions ahead.

[4] See also, *McKinney* v. *Yelavich* (1958), 352 Mich 687, 696.