DELLARIA *v* TESSIN

AUTOMOBILES — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — FA-
VORED DRIVER — QUESTION OF FACT.

> Whether a plaintiff was guilty of contributory negligence was
> for the trier of fact to decide where the plaintiff, driving
> on a favored road, failed to notice defendants' vehicle on a
> subordinate road until both cars were approximately 40 feet
> from the intersection where the accident occurred, although
> the plaintiff's view was unobstructed for one-half block be-
> fore arriving at the intersection, because there existed a ques-
> tion as to whether the plaintiff had exercised due care.

Appeal from Midland, James R. Rood, J. Sub-
mitted Division 3 January 11, 1972, at Lansing.
(Docket No. 11590.)  Decided January 26, 1972.

Complaint by Joseph F. and Mary Ann Dellaria
against Howard and Lottie Tessin for damages for
injuries received in an automobile accident.  Judg-
ment for defendants.  Plaintiffs appeal.  Affirmed.

*Isackson & Neering, P. C.,* for plaintiffs.

*Fortino, Plaxton & Moskal,* for defendants.

Before: DANHOF, P. J., and T. M. BURNS and
O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

---

REFERENCE FOR POINTS IN HEADNOTE
8 Am Jur 2d, Automobiles and Highway Traffic § 1013.

PER CURIAM. Plaintiff Mary Ann Dellaria was injured when the car she was driving on a favored road collided with defendants' vehicle, travelling on a subordinate or inferior road, at an intersection. Although there was no obstruction to the view of either party for a distance of approximately one-half block before arriving at the intersection, plaintiff driver did not observe defendants' vehicle until both cars were approximately 40 feet from the intersection.

Since defendant Lottie Tessin, being faced with a stop sign, was under a duty to yield the right of way at the intersection, pursuant to MCLA 257.649; MSA 9.2349, the court below instructed the jury that defendants were negligent as a matter of law and that such negligence constituted a proximate cause of defendants' injuries. This ruling has not been challenged.

The issue of plaintiff driver's contributory negligence was left to the jury, and they returned a verdict of no cause of action. Plaintiffs' motion for a judgment notwithstanding the verdict and for a new trial on damages was denied by the trial court.

On appeal, plaintiffs contend that the trial court was in error in failing to instruct the jury that plaintiff driver was not guilty of contributory negligence as a matter of law. We have often stated that the care exercised by the plaintiff at the time of an injury is a question for the jury to determine. *Thompson* v *Essex Wire Co,* 27 Mich App 516 (1970). Where there is uncertainty as to this issue it remains a matter of fact for their consideration. *Detroit & M R Co* v *Van Steinburg,* 17 Mich 99 (1868). Where, as here, there is some question as to whether the favored driver failed to exercise due care by failing to notice defendants' vehicle until both cars were approximately 40 feet from the intersection although

her view was unobstructed for a considerably longer distance, the question of contributory negligence is one for the trier of fact. *Tucker* v *Gillette,* 6 Mich App 210 (1967); *Sattiewhite* v *De La Cuadra,* 31 Mich App 117 (1971).

Plaintiffs also contend that the trial court's instructions to the jury were misleading and erroneous. Reading the instructions as a whole, we have concluded that they adequately and fairly informed the jury on the applicable law. *Bauman* v *Grand T W R Co,* 18 Mich App 450 (1969); *Huntley* v *Motor Wheel Corp,* 31 Mich App 385 (1971).

Affirmed.