WILLIAM GRAHAM v. ELIJAH E. MYERS.

*Account stated—Interest—Evidence—Job printing—Correction of proof—Custom—Impeaching testimony.*

1. Interest is properly added to the amount found due on an account stated.

2. In a suit for the *value* of job printing done for the defendant, it is proper for the plaintiff to show the time charged for, and how he made up the items in charging for work done.

3. In the absence of an *express* contract for job work, it is competent for the plaintiff, in a suit brought to recover the *value* of such printing, to make proof of the custom of his office in correcting proof ; the testimony tending to show defendant's knowledge of such custom.

4. Where, in a suit to recover the value of job printing, the testimony tended to show that the proof was returned so changed from the copy as to cause extra work, in most cases equivalent to resetting, a job printer, who had testified that the prices charged were excessive, was properly asked on cross-examination if he would make any charge for such extra work in connection with his business.

5. In such case, a witness who had been in defendant's employ, and had difficulty with him resulting in a suit, testified to defects in plaintiff's work, and also to the character of defendant's manuscript; and on cross-examination plaintiff sought to show the complaints of the witness as to the amount of work he had to do because of the imperfect character of such manuscript, and that his testimony regarding same was different on the trial of his own suit with defendant.

*Held,* impeaching in its character, and properly received.

Error to Wayne. (Jennison, J.) Argued June 23, 1887. Decided October 20, 1887.

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion.

*John Atkinson,* for appellant.

*Moore & Moore,* for plaintiff.

SHERWOOD, J.    This action was brought in justice's court to recover for printing done by plaintiff for the defendant.

The plaintiff's declaration was on the common counts, but sought mainly to recover for goods manufactured, sold, and delivered, and on an account stated.

The defendant pleaded the general issue, with notice of recoupment. The plaintiff recovered a judgment before the justice for $169.62. On the appeal to the circuit, a trial was had by jury, and the plaintiff recovered a judgment for $174.50, and the case is now before us for review on the proceedings had in the circuit.

The plaintiff's bill of particulars contains eight items.

The balance claimed on the account, with interest, was $198.50.

The account contained but two credit items; one for $25, and the other for $30. There was proof tending to show the work performed, and the value thereof; also tending to show an account stated, although the jury did not, it would seem, accept the proofs as conclusive of the account stated.

The testimony on the part of the defendant tended to show the printing claimed for was done in a defective manner. The defects in the work claimed by the defendant consisted in that the plaintiff did not give the defendant copies ordered, that words were misspelled, and that other errors were allowed to go into the printed matter ordered by defendant, by reason of which he was damaged, but to what extent or in what amount does not appear in the record.

No special contract was testified to under which the work was to be done.

It is claimed by the plaintiff, in answer to the alleged imperfection of the work, that, if such errors and mistakes did occur in the work done for the defendant, the fault was not that of the plaintiff, but that they occurred by reason of the negligence of the defendant in correcting the proofs furnished, which he was requested to do, and did do, and

there was some testimony in the case tending to support this claim.

Twenty-one errors are assigned upon the rulings of the court in taking testimony.

The first question objected to is that relating to interest upon the account.

If what the plaintiff claimed was true, that there was an account stated, then the question was proper, and the plaintiff had a right to the evidence in the case upon his theory, and to go to the jury with it, and was correctly allowed to do so.

It was not improper for the plaintiff to show to the jury the time charged for, and how the plaintiff made up his items in charging parties for whom he did work; and this was the character of the testimony objected to and admitted in the errors assigned in Nos. 2, 3, 4, 5, 6, 7, 8, 9, and 10 and they need no further discussion.

The plaintiff was permitted to make proof of the custom of his office in correcting proof, against the objection of defendant's counsel. The plaintiff gave testimony tending to show that the defendant knew the custom of the office in regard to the matter queried after. We see nothing objectionable in this, and the testimony was properly admitted, especially as the defendant had no express contract for his work at plaintiff's office, and for which the plaintiff sues; and this will dispose of the defendant's eleventh, twelfth, and thirteenth assignments of error.

Irving Carrier, one of defendant's witnesses, testified that he was a job printer, and was familiar with the kind of work sued for, and, the printed specifications being shown to him, said they would be worth less than the charge made by the plaintiff.

On cross-examination was asked:

"If there were exceptional changes made, such changes as would necessitate what would be equivalent to resetting a considerable portion of the type, would you make any charge for that in connection with your business?"

Objected to by defendant's counsel, on the ground there was no such evidence in the case. This question was not objectionable on that ground. There was evidence in the case to that effect, given by plaintiff's witness, Howard, who was foreman in plaintiff's job office. He said, speaking of the changes that were made in the proofs by Mr. Myers:

" Sometimes the proof would be returned to us interlined, and words and sentences interspersed throughout the proof, and in a general way cut up very badly, which occasioned a great deal of extra work; in fact, it was equivalent to resetting the work in most cases, and oftentimes we could not make out the technical terms, and it would necessitate our going up to Mr. Myers to see him personally."

We think the cross-examination was clearly warranted.

Allen N. Bours was examined as a witness for the defendant, and testified he had examined some of the work done for the defendant by the plaintiff, and pointed out some defects therein, and gave testimony as to the character of Mr. Myers' manuscript.

On his cross-examination he testified that he had done a good deal of work for the defendant at different times; writing specifications mostly, and that he was familiar with that. It also appeared the witness had had difficulty with the defendant, and had a suit about it, and that this class of work was in controversy; and plaintiff proposed to show, upon the cross-examination, that witness made complaint of the enormous amount of work he had to do because of Mr. Myers' imperfect manuscript, and that the witness' testimony as to Myers' manuscript was different then from what it was upon this trial. The testimony was received by the court, against the objection of defendant's counsel that it was immaterial. The exceptions contained in the defendant's sixteenth, seventeenth, eighteenth, and nineteenth assignments of error relate to the same subject. This testimony was impeaching in its tendency, and properly received.

The alleged refusal to allow witness G. W. Myers to answer

the question referred to in the twentieth assignment of error is a mistake. The witness made his answer to the question.

The defendant was not prejudiced by the refusal of the court to allow an answer to be given to the question referred to in the twenty-first assignment of error.

We have carefully examined those portions of the charge as given and excepted to, and the refusal to charge the requests made,—these constitute the remaining assignments of error, except the thirty-second,—and find no error in the action of the court.

The last assignment is an exception to the ruling of the circuit court in refusing to grant a new trial. We find nothing in the record which would permit us to interfere with that ruling.

The judgment must be affirmed.

The other Justices concurred.