### BENNETT *v.* WALLACE.

TRIAL — CROSS-EXAMINATION — INCONSISTENT STATEMENTS — IM-
PEACHMENT OF WITNESSES.

  It was error, on cross-examination of a plaintiff whose testi-
  mony on material issues was disputed, to exclude questions
  asked for the purpose of showing that he had made conflict-
  ing statements of his claim in conversations and in his testi-
  mony on a former trial in justice's court.

Error to Wayne; Donovan, J. Submitted February
24, 1911. (Docket No. 40.) Decided March 13, 1911.

Assumpsit in justice's court by Wilbur W. Bennett
against James H. Wallace. Plaintiff appealed to the
circuit court from a judgment for defendant. Judgment
for plaintiff. Defendant brings error. Reversed.

*Thomas A. Conlon,* for appellant.

*N. Calvin Bigelow,* for appellee.

MOORE, J. This action arose out of a real estate trans-
action and building contract. The testimony of the op-
posing parties is conflicting in many particulars. A ver-
dict was reached and judgment rendered in the sum of
$269.62 in favor of the plaintiff. The case is removed
here by writ of error.

More than 30 assignments of error are presented.
They nearly all grow out of the conduct of the trial court
and his rulings in relation to the admission of testimony.
One cannot read the record without coming to the con-
clusion that a degree of impatience with counsel was
reached upon the part of the court early in the proceed-
ings which was not calculated to keep the trial free from
error. We shall not discuss all of the assignments of
error. Counsel should have been allowed to show that

plaintiff testified differently at a former trial from what he testified upon this trial. Counsel should have been allowed to show that plaintiff made a different statement of his claim to Mr. Johnson. We also think the testimony offered of Mr. Parsons should have been permitted as to the conversation he heard between plaintiff and defendant. The other assignments of error will doubtless take care of themselves upon a new trial.

Judgment is reversed, and a new trial granted.

BIRD, BROOKE, and STONE, JJ., concurred. HOOKER, J., concurred in the result.