LEXCHIN v. MATHEWS.

1. PHYSICIANS AND SURGEONS — OSTEOPATHS — MALPRACTICE — AS-
SAULT AND BATTERY.

Death of patient suffering from fatal disease of leucemia, myelo-
genous type, following puncture of swelling on his ankle by an
osteopath *held*, not to have been proximately caused by punc-
ture so as to subject osteopath to civil liability for assault and
battery or malpractice, where patient consented to the opera-
tion and there is no showing of negligence or unskillful treat-
ment, although it might be cause for prosecution for unlawful
practice of surgery.

2. TRIAL—REOPENING PLAINTIFF'S CASE IN CHIEF—DISCRETION OF
COURT.

In action against osteopath for malpractice and assault and
battery, refusal to reopen plaintiff's case in chief at close of
defendant's case and accept evidence that puncture of swell-
ing and ensuing loss of blood weakened and injured patient
suffering from leucemia as part of plaintiff's case in chief
*held*, not an abuse of discretion since offered proof was not
strictly rebuttal, malpractice was not shown and plaintiff had
consented to the operation.

3. NEGLIGENCE—UNLAWFUL ACT—PROXIMATE CAUSE.

Unlawful act, to be basis for recovery in damages, must be
shown to be the proximate cause of injury.

4. PHYSICIANS AND SURGEONS—SURGERY.

Whether or not one duly licensed as an osteopath may practice
surgery in this State is not decided where operation involved
was puncture of swelling to relieve pressure on ankle of
patient suffering with leucemia and there is no evidence of
malpractice or assault and battery.

Appeal from Oakland; Doty (Frank L.), J. Sub-
mitted June 12, 1934. (Docket No. 122, Calendar
No. 37,801.) Decided October 23, 1934.

Case by Max Lexchin against Lamar K. Mathews,
an osteopath, for alleged malpractice and assault

and battery. Molly Lexchin, administratrix of the estate of Max Lexchin, was substituted as plaintiff. Judgment for defendant. Plaintiff appeals. Affirmed.

*Michael Fitzgerald (Francis W. Allen,* of counsel), for plaintiff.

*Pelton & McGee (Wm. Rolston Brown,* of counsel), for defendant.

WIEST, J. This is an action against a duly licensed osteopath to recover damages for alleged malpractice and an assault and battery by reason of a surgical operation, unauthorized under his license to practice.

Plaintiff's decedent, a man 22 years of age, had a swelling on his right leg near the ankle and visited defendant's office for treatment. After some examination defendant punctured the swelling and there was an exudation, some of which was sent to the Ford Hospital for analysis. Later the young man was taken to the hospital and his trouble diagnosed as leucemia, myelogenous type, which is a disease, said to be 100 per cent. fatal, and it ultimately caused the death of plaintiff's decedent. The puncture of the swelling did not occasion the disease.

The case was tried before the court without a jury and defendant was found not guilty of malpractice, as alleged in the first count of the declaration, and also not guilty of an alleged assault and battery in puncturing the swelling, as alleged in the second count of the declaration.

Plaintiff alleges that the findings are against the weight of the evidence, and the finding that defendant was not guilty of assault and battery is contrary to law.

The charge of assault and battery is based on the claim that defendant unlawfully practiced surgery in puncturing the swelling. This act bore no causal relation to the death of plaintiff's decedent and, whether it might or might not subject defendant to a prosecution was not sufficient in and of itself to constitute either malpractice or assault and battery, as there was no showing of negligence or unskillful treatment. *Janssen* v. *Mulder,* 232 Mich. 183 (25 N. C. C. A. 248).

Plaintiff claims the puncture weakened the patient, precipitated the disease and aggravated his condition and, upon rebuttal, attempted to show, by a hypothetical question to a doctor, that the puncture of the swelling and loss of blood which followed weakened the patient and was injurious. The court held it was not proper rebuttal and error is alleged on the ruling. That proof was essentially a part of plaintiff's case in chief.

Some evidence of a nonexpert character was introduced by plaintiff and the issue thereon left for defendant to meet and it was completely refuted by testimony of doctors who saw the puncture scar, diagnosed the disease from which plaintiff's decedent was suffering and treated him therefor.

There was no abuse of discretion in refusing to reopen plaintiff's case in chief at the close of defendant's evidence. The offered proof was not strictly rebuttal. No expert witness, in behalf of defendant, had expressed an opinion upon any such hypothesis. No malpractice was shown and the rejected question called for the following opinion:

"In your opinion, doctor, did the incision of the ankle and the loss of blood which followed have anything to do with the weakened condition which the patient experienced and with the pain which he suffered?"

An affirmative answer would not have benefited plaintiff as malpractice was not shown and the count for assault and battery in puncturing the swelling fell flat because the patient consented thereto. But it is contended that the consent was given under a misunderstanding of defendant's right to perform a surgical operation and, therefore, was void. Liability of defendant for assault and battery cannot be predicated alone upon violation, if any, of license law, regardless of whether he possessed and exercised the skill and care of a surgeon in the community.

We have repeatedly held that a condition of recovery by one urging an unlawful act is that the unlawful act must be the proximate cause of the injury for which damages are sought. *Fifelski* v. *Grand Rapids Gas Light Co.,* 181 Mich. 503, 508; *Spencer* v. *Phillips & Taylor,* 219 Mich. 353. It is true the rule is otherwise in some jurisdictions. *Whipple* v. *Grandchamp,* 261 Mass. 40 (158 N. E. 270, 57 A. L. R. 974). But see notes thereto in A. L. R.

We find no occasion to decide whether an osteopath, duly licensed as such, may practice surgery in this State.

Puncturing the swelling to relieve pressure, as in this case, could hardly be termed a surgical operation, but, whether so or not, there was no evidence of malpractice or of an assault and battery.

Judgment is affirmed, with costs to defendant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.