HERZBERG *v.* KNIGHT.

1. AUTOMOBILES—PEDESTRIANS—NEGLIGENCE—CONTRIBUTORY NEGLI-
GENCE—EVIDENCE—QUESTIONS FOR JURY.

In pedestrian's action against motorist for injuries received as
plaintiff was driving his cows along a country highway when
he collided with defendant's car, questions of negligence of ·
defendant and contributory negligence of plaintiff *held,* for
jury under conflicting testimony.

2. SAME—PEDESTRIANS—SUDDEN PERIL—INAPPLICABLE INSTRUCTION.

In pedestrian's action against motorist for injuries sustained
when, as plaintiff claims, he was run down while in a place of
ordinary safety, instructions given at request of counsel for
plaintiff as to allowances made to pedestrians who are suddenly
placed in a position of peril *held,* error, as being inapplicable
to any claim or issue in the case.

3. SAME—INSTRUCTIONS—COMPARATIVE SAFETY OF PEDESTRIAN AND
MOTORIST.

In pedestrian's action against motorist for injuries sustained
while driving cows along a country highway, instruction, given
at request of plaintiff's counsel, that factor of driver's com-
parative personal safety was to be considered in measuring
duty to exercise commensurate care for the safety of others
*held,* improper in an instruction to a jury.

4. SAME—UNNECESSARY INSTRUCTIONS—EVIDENCE.

Instruction given at request of counsel for injured pedestrian
that motorist had duty so to drive as to see pedestrian on the
road if he was there and was charged with having seen
pedestrian if he was there *held,* wholly unnecessary, where both
parties testified they saw each other on the highway some time
prior to the impact.

5. TRIAL — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — PLAINTIFF'S
BURDEN—INSTRUCTIONS.

Instruction that if jury found from a preponderance of the evi-
dence that plaintiff was guilty of contributory negligence *held,* ·

error since plaintiff must establish by a preponderance of the evidence he was not guilty of contributory negligence, notwithstanding court elsewhere gave proper instruction.

6. AUTOMOBILES—PEDESTRIANS—VERDICTS—GREAT WEIGHT OF EVIDENCE.
   Verdict for pedestrian in action against motorist *held*, not against the great weight of the evidence.

7. DAMAGES—FARMER WORKING OWN FARM—INSTRUCTIONS—EARNINGS—DISABILITY TO PERFORM LABOR.
   In 76-year old farmer's action against motorist for injuries sustained in a highway accident, reception in evidence of testimony as to profits made in operation of his farm for two years preceding accident *held*, error, but cured by instructions to limit recovery to loss of earnings by reason of the injuries, fact that plaintiff had only worked his own farm and not for others not relieving defendant from liability in a reasonable amount for disabling plaintiff from performing labor.

Appeal from Arenac; Shaffer (John C.), J. Submitted April 7, 1939. (Docket No. 53, Calendar No. 40,404.) Decided June 5, 1939.

Case by Frederick W. Herzberg against Archibald Knight for damages for personal injuries sustained when struck by an automobile. Verdict and judgment for plaintiff. Defendant appeals. Reversed and new trial granted.

*B. J. Tally* and *Albert W. Black*, for plaintiff.

*Arthur J. Kinnane*, for defendant.

WIEST, J. The afternoon of October 19, 1936, plaintiff, a farmer, 76 years of age, while driving his cattle along a country highway, was struck by defendant's automobile and injured. Plaintiff was driving the cattle south over a north and south gravel highway and defendant was driving his car north.

Plaintiff brought this action to recover damages and, upon trial by jury, had verdict and judgment for $2,116. Defendant's motion for a new trial was denied, and the case is here by appeal.

Plaintiff claims that the gravel roadway was free of the cattle and, as he saw the automobile approaching, he stepped to the west edge of the road and off the gravel, and defendant swerved the car to that side and struck him.

Defendant claims that the cows occupied the east side of the roadbed, with plaintiff behind them, and this caused him to swerve to the left or west side of the road until the left wheels of the car were on the grass and "when I approached to the point where the cows, the foremost bunch of cattle were on the opposite side, the right side of my car and I was probably about 20 feet of the most hindmost cow and Mr. Herzberg, the cow next to Mr. Herzberg suddenly went in front of the car and Mr. Herzberg bounded after the cow, or hurried as fast as he could after the cow. The cow was going in a southwesterly direction, coming diagonally across ahead of the car. She landed in front of the car and then bounded back on the gravel road and I turned the car a little more to the left and applied the brakes, Mr. Herzberg was directly behind the cow, coming as fast as he could and very close to her, with his hands lifted up like this, making motions at the cow, but he did not turn back with the cow, as I applied my brakes and the car came to a stop and Mr. Herzberg continued and struck the left-hand fender. * * * The car stopped at the point of collision."

These claims, supported by proofs, presented a simple issue of fact.

If the accident happened as claimed by plaintiff, defendant was guilty of actionable negligence and plaintiff was not guilty of contributory negligence.

If the accident happened as claimed by defendant, then he was entitled to a verdict in his favor.

The instructions to the jury cover 21 pages of the record and the court included therein requests of counsel for plaintiff, some of which were inapplicable to any issue in the case.

Plaintiff made no claim of emergency action on his part but a plain case of being run down while in a place of ordinary safety, yet the court, at the request of counsel for plaintiff, instructed the jury:

"The law also makes allowances for pedestrians using the highway, who are suddenly placed in a position of peril. To one in such a situation, the law makes allowances for the fright and lack of coolness in judgment incident thereto and does not demand that in a sudden emergency, or position of peril, that the pedestrian use the same calm, cool judgment that he would under other circumstances."

This instruction was wholly foreign to any claim or issue in the case.

The court also instructed the jury at the request of counsel for plaintiff:

"I further charge you that, while the duties of reasonable care for their own safety and care of others are imposed upon both pedestrian and driver, the driver's comparative personal safety in case of collision with the pedestrian is not to be overlooked and is to be considered by you in measuring his duty to exercise commensurate care for the safety of others.

"The reason for this is that a motor vehicle is a dangerous instrumentality and that its operation upon a public highway must be attended with great caution and prudence, as a collision between a motor vehicle and a pedestrian would not endanger the vehicle but in all probability would be destructive of the life or limbs of the pedestrian."

This line of argument has no place in an instruction to a jury.

Plaintiff testified that he saw the defendant's car coming, and defendant testified that he saw plaintiff in the highway, yet the court, at the request of plaintiff's counsel, instructed the jury that it is the duty of the driver so to drive his car as to see the pedestrian on the road if he was there, and he is charged with having seen the pedestrian on the road regardless of whether he saw him or not, if he was there. This may have been harmless, but wholly unnecessary.

The court was also in error in instructing the jury:

"Now, in this case, as I have indicated, it is one of the claims of the defendant, that the plaintiff was guilty of contributory negligence, that is to say, that notwithstanding the fact that the defendant might have been guilty of negligence, inasmuch as the plaintiff was guilty of contributory negligence, that relieves the defendant from any and all responsibility, and that is the law, and the law in this State before plaintiff can recover he must be free from contributory negligence, as I have stated.

"Now, contributory negligence is such negligence on the part of the plaintiff as helped to produce the injury complained of, and if the jury find from a preponderance of the evidence in the case that the plaintiff was guilty of any negligence that brought about or helped produce the injury complained of, then in that case, plaintiff cannot recover."

The rule is not that the contributory negligence of the plaintiff is to be found by a preponderance of the evidence but just the opposite. The plaintiff must establish by a preponderance of the evidence that he was not guilty of contributory negligence.

It is only fair to the court to state, however, that in other portions of the charge he gave the right

rule and the question remains, which rule did the jury follow?

The evidence has been examined and we are not persuaded that the verdict is against the great weight thereof.

Plaintiff was a farmer and the court received in evidence the profits he claimed to have realized from his operation of the farm for the two years preceding the accident. This was error, but when the case was submitted to the jury upon the question of damages, plaintiff's recovery was limited to loss of earnings by reason of the injuries. But it is said there was no evidence of what he was capable of earning because he had only worked on his own farm and not for others. The fact that he was disabled from performing labor called for compensation for such disability, and the fact that he had not worked for others and earned wages did not relieve defendant from liability in a reasonable amount.

Other alleged errors will be avoided on a new trial if the real issue is adhered to.

The judgment is reversed and a new trial granted, with costs to defendant.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.