MILLER v. PILLOW.

1. APPEAL AND ERROR—MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.

The proofs must be construed as strongly as reasonably possible in plaintiff's favor in determining whether or not trial judge was in error in denying the motion for judgment notwithstanding the verdict.

2. AUTOMOBILES—PASSENGERS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Issue of contributory negligence of plaintiff riding in box of truck and sitting on right sideboard back of cab *held*, for jury and properly submitted to it in action against defendants whose 1941 westbound car sideswiped plaintiff's slowly-moving truck, when driven at speed of from 50 to 70 miles an hour to the right of the truck in overtaking it at about midnight in July, 1950, shortly after it had gotten onto the north or westbound lane and plaintiff who testified he first saw defendants' car some 40 or 50 feet to the east just before the collision and thought defendant driver would stop or go around the truck.

3. SAME—MULTILANE HIGHWAYS—SPEED—IMPROPER LANE.

A passenger in a truck which is overtaken by an automobile in a multilane highway is not bound to anticipate that the latter would be suddenly and at an unlawful speed driven in an improper lane.

4. SAME—OVERTAKING VEHICLES—SPECIAL QUESTION—CONTRIBUTORY NEGLIGENCE.

Defendant motorist who overtook and sought to pass to right of truck driven by plaintiff's wife *held*, not prejudiced by the

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 947.
[2, 3] 5 Am Jur, Automobiles §§ 475 *et seq.*, 712.
[6] 20 Am Jur, Evidence § 901.
[7, 8] 15 Am Jur, Damages § 88 *et seq.*
[7, 8] Measure of damages for loss of earning capacity of person engaged in business for himself.   9 ALR 510; 27 ALR 430; 63 ALR 142; 122 ALR 297.

fact that at the request of the plaintiff and with comments by the trial judge there was submitted to the jury a special question as to whether the wife was guilty of negligence which contributed to the accident.

5. SAME—CONTRIBUTORY NEGLIGENCE—IMPUTED NEGLIGENCE.

Trial court was not in error in denying defendants' motion for judgment notwithstanding verdict because of alleged negligence of plaintiff's wife who was driving truck in which he was riding, where it appears she was not guilty of negligence as a matter of law and jury specifically found she was not guilty of contributory negligence as a matter of fact, hence, question of whether her negligence was imputable to plaintiff was not involved.

6. DAMAGES—EARNING CAPACITY—VARIOUS LINES OF EMPLOYMENT—PERMANENT INJURIES.

Restaurant operator who had worked at farm labor, as a stationary engineer, as an employee in a paper mill and as a driver of a gasoline tank truck, was properly permitted to introduce testimony as to wages customarily paid in the several lines of employment as bearing upon question of damages through loss of earning ability from permanent injuries sustained in automobile accident rather than in business in which he was currently engaged.

7. SAME—EARNING CAPACITY—ACTUAL EARNINGS.

Damages in an action for personal injuries should be estimated on the injured person's ability to earn money, rather than what he actually earned before the injury.

8. SAME—INSTRUCTIONS—PERSONAL INJURIES—EARNING CAPACITY.

Trial court's instruction as to matter of damages in action for personal injuries to plaintiff who had theretofore engaged in various lines of employment *held,* not open to objection.

9. TRIAL—IRRELEVANT ISSUE—COLLATERAL MATTERS—PREJUDICE.

Exclusion of testimony offered by defendant in jury trial that plaintiff and wife could not continue operation of restaurant because of inability to obtain license to do so from township board did not constitute error where, although plaintiff's declaration was apparently drawn on the theory that he had been damaged because of inability to continue to operate the restaurant and testified he could not do so, no testimony was offered or claim made as to damages suffered because of the closing of the restaurant, since it might have resulted in injecting into the trial a collateral matter that was possibly prejudicial and was irrelevant.

10. SAME—ARGUMENT TO JURY—SPECIAL QUESTION—INSTRUCTIONS—
RECORD.

> Reference by plaintiff's attorney in argument to jury to special
> question as to contributory negligence of plaintiff's wife who
> was driving truck when he was injured when truck was side-
> swiped by defendants' car as it overtook and attempted to
> pass at high rate of speed on right of slowly-moving truck,
> which argument is not set forth in the record, is assumed to
> have been adequately covered by instructions to jury as to
> their duties and with reference to matters with which they were
> not concerned.

11. DAMAGES—EXCESSIVE VERDICT—PAIN AND SUFFERING—PERMA-
NENT INJURIES.

> Verdict of $12,000, as reduced by remittitur of $4,500 *held,* not
> excessive, where 54-year-old plaintiff underwent severe pain and
> suffering and sustained permanent injuries of such character
> as to interfere with his future earning ability.

Appeal from Kalamazoo; Sweet (Lucien F.), J. Submitted April 10, 1953. (Docket No. 58, Calendar No. 45,714.) Decided June 22, 1953.

Case by Otho Miller against Robert G. Pillow and another for damages suffered when truck in which he was riding was hit by defendants' automobile. Cross-declarations by defendants against plaintiff. Verdict and judgment for plaintiff. Remittitur filed. Defendants appeal. Affirmed.

*John Bloem* (*Fredric J. White,* of counsel), for plaintiff.

*Troff, McKessy, Lilly, Uridge & Bonow* (*William E. Sykes,* of counsel, for defendant Pillow), for defendants.

*Amicus Curiae:*

*Varnum, Riddering, Wierengo & Christenson.*

CARR, J. This case has resulted from a traffic accident occurring on highway US-12 in Kalamazoo

county, in which plaintiff sustained personal injuries. Prior to the occurrence in question plaintiff and his wife were engaged in operating a restaurant on the south side of said highway between Galesburg and Comstock. On the 30th of July, 1950, they left their place of business shortly before midnight. It was their intention to drive to their home, a short distance away. They were the owners of a truck which they used for purposes of transportation. Mrs. Miller operated the vehicle and in the cab with her were her mother-in-law and a neighbor, Mrs. Hazel Hutchinson. Mr. Miller took his position in the box portion of the truck back of the cab, sitting on the right sideboard.

The parties waited on the south side of the pavement until traffic had passed, a period of 2 or 3 minutes. Concluding that she could cross the pavement in safety and proceed west in the north lane of traffic, Mrs. Miller started the truck and drove somewhat diagonally in a northwesterly direction. It was her claim on the trial, and also that of other witnesses for the plaintiff, that the truck had crossed the south and center lanes of traffic and was proceeding west at a rate of speed of about 10 miles per hour when an automobile owned by defendant Baker, and driven by defendant Pillow with the knowledge and consent of the owner, approached from the east, undertook to pass on the right side of the truck, and "sideswiped" it. As a result of the impact plaintiff was thrown out of the truck box to the pavement, sustaining injuries for which he seeks to recover.

In his declaration plaintiff alleged freedom from contributory negligence, claiming that the accident happened because of the negligence of defendant Pillow in the operation of his car. Defendants filed answer denying the charges of negligence made by plaintiff and asserting a lack of proper care on the

part of both Mr. and Mrs. Miller. Defendants also filed a cross-declaration, Baker seeking to recover because of the damage sustained by his automobile, and Pillow basing his alleged cause of action on personal injuries suffered by him.

The case was tried before a jury. At the conclusion of plaintiff's proofs defendants moved for a directed verdict, claiming that Mr. and Mrs. Miller were both guilty of contributory negligence as a matter of law. The motion was taken under advisement.* It was renewed after the proofs were concluded, and a like action taken.* Plaintiff and cross-defendant also moved for a directed verdict in the cross action of Baker and Pillow, which motion was likewise taken under advisement.*

The trial judge submitted to the jury plaintiff Miller's alleged cause of action and also defendant Pillow's cross action. Subsequently a judgment against Baker on his cross action was entered by the court on motion. The jury returned a verdict in favor of plaintiff Miller in the sum of $12,000. Motion for judgment notwithstanding the verdict was made by defendants and was denied. They also submitted a motion for a new trial, claiming that the verdict was excessive in amount and that prejudicial errors had occurred in the course of the proceeding. The trial judge agreed with the first contention and entered an order granting a new trial unless plaintiff remitted the sum of $4,500. Such remittitur was filed and judgment was entered in plaintiff's favor accordingly. Defendants have appealed.

On behalf of appellants it is argued that plaintiff Miller was guilty of contributory negligence as a matter of law, and that, in consequence, the trial judge was in error in denying the motion for judgment notwithstanding the verdict. In determining

---

* See CL 1948, § 691.691 *et seq.* (Stat Ann and Stat Ann 1951 Cum Supp § 27.1461 *et seq.*).—Reporter.

this issue the proofs must be construed as strongly as reasonably possible in plaintiff's favor. *Canning* v. *Cunningham,* 322 Mich 182; *Mitchell-Morris & Company, Inc.,* v. *Samaras,* 325 Mich 425; *Cabana* v. *City of Hart,* 327 Mich 287 (19 ALR2d 333). Testifying in his own behalf, plaintiff claimed that he looked to the east before the truck driven by his wife started to cross the highway. He stated that he had a clear view for a distance of approximately a quarter of a mile, that no car was approaching within that distance, and that he could see over a rise in the highway, approximately the distance indicated, the clearance lights of a truck, but could not see the headlights. He testified further that when the truck started he turned back, facing in a westerly direction. After proceeding approximately 80 feet he again looked back to the east and saw the truck approaching but no other vehicle. It was the claim of plaintiff that the truck in which he was riding continued on its course for a distance of approximately 120 feet, that he again looked back to his rear and saw the automobile driven by defendant Pillow approximately 40 or 50 feet to the east. Plaintiff stated that at the time he thought defendant would stop his car or go around the truck. The collision followed.

A witness for plaintiff, who talked with Pillow immediately following the impact, testified that Pillow stated that he was traveling around 70 miles an hour. Further proofs disclose that the car was a 1941 Ford automobile. It may be noted in this connection that, testifying as a witness in his own behalf, defendant Pillow stated that he did not see the truck until he was within 50 to 100 feet of it. He further claimed that he was not going more than 60 miles an hour, and placed his speed at between 50 and 60 miles.

Plaintiff's testimony as to the manner in which the accident happened was corroborated by that of Mrs. Miller and other witnesses who were sworn in his behalf. Construing such testimony in accordance with the rule above stated, it may not be said that he was guilty of contributory negligence as a matter of law. The issue was one of fact, and as such was for the determination of the jury.

There was some conflict in the testimony of plaintiff's witnesses and that of defendant Pillow as to where the truck was when the latter first saw it. In substance it was his claim that it was still crossing the highway toward the northwest and was partially in the middle lane of traffic and partially in the north, or westbound, traffic lane. It was plaintiff's claim that the truck had proceeded in a westerly direction in the north lane of traffic for a distance of approximately 120 feet after reaching such lane. A witness in his behalf, 1 of the passengers in the cab of the truck, expressed such distance as approximately 5 or 6 car lengths. The question of contributory negligence on the part of plaintiff Miller was properly submitted to the jury, which determined the matter in his favor. *Neesley* v. *Lord,* 297 Mich 163; *Marrs* v. *Taylor,* 327 Mich 674; *Clark* v. *Naufel,* 328 Mich 249; *Knoellinger* v. *Hensler,* 331 Mich 197.

In *Gibson* v. *Traver,* 328 Mich 698, this Court, in discussing a situation somewhat comparable to that in the case at bar, said:

"It is further claimed by the defendant that plaintiff was guilty of contributory negligence as a matter of law in crossing the highway without maintaining a proper lookout for oncoming traffic. The jury might reasonably infer that defendants' car was not seen by plaintiff because it was back of the car that plaintiff did see, or that it came on so quickly that plaintiff could not see it until it was too late. The plain-

tiff had no duty to anticipate that the defendant would suddenly and at an unlawful speed drive in an improper lane. *Sanderson* v. *Barkman,* 264 Mich 152; *Leete* v. *Gould,* 308 Mich 345."

It is the further claim of appellants that Mrs. Miller was guilty of contributory negligence as a matter of law, that such negligence was imputable to the plaintiff, and that he is thereby precluded from recovering damages. The trial judge, after listening to the arguments of counsel, concluded that Mrs. Miller's negligence, if there was such, was not chargeable to plaintiff, and so instructed the jury. However, at the request of counsel for plaintiff Miller, and without objection, the following special question was submitted:

"Was the driver of the plaintiff's truck, Murlan Miller, guilty of negligence which contributed to the collision?"

To such question the jury answered, "No." If negligence on the part of Mrs. Miller was a proper issue in the case, such question was, if regarded as one of fact, determined by the action of the jury. Appellants complain that the special question should not have been submitted, and criticize the language of the trial judge in his comments to the jury concerning it. However, we find no prejudicial error with reference to the matter. The objections raised are without merit.

It was Mrs. Miller's testimony on the trial that before attempting to cross the pavement and proceed in a westerly direction thereon she waited a couple of minutes for traffic to pass, then looked up the highway to the east where she could see the clearance lights of the truck referred to by Mr. Miller in his testimony. She saw nothing approaching within a quarter of a mile in either direction. The lights of the Miller truck were on. She claimed that she

proceeded for approximately 200 feet before being struck by the defendants' automobile, that at the time she was on the north lane of traffic proceeding in a westerly direction, and that she had just shifted into high gear from a speed of about 10 miles per hour. Assuming the correctness of her statements, she was not required to anticipate that a car driven at a high rate of speed would approach from the rear, attempt to pass on her right, and swideswipe her vehicle. At the time she started from the south side of the pavement there was nothing to suggest any such possibility.

Without reference to other proofs in the case, it clearly appears from the testimony of defendant Pillow that he was, under the conditions existing, driving at a rate of speed that was excessive, that he did not have his car under proper control, and that he was not keeping a reasonable outlook. While the pavement was dry the night was, it is conceded, quite dark. If the lights on defendants' car were functioning properly no reason is apparent why he should not have discovered the truck before he was within 50 to 100 feet of it. Had Mrs. Miller looked back during the time that she was driving west in the north lane of traffic, and had she seen the headlights of the car approaching from the east, she would have had the right to assume that the driver saw the truck and would so guide his vehicle as to avoid striking it. *Patterson* v. *Jacobs,* 289 Mich 351, 356. Her negligence, if affecting at all the right of her husband to recover damages for his injuries, was a question of fact. *Marrs* v. *Taylor, supra; Gibson* v. *Traver, supra.* The record does not justify a finding that she was guilty of such negligence as a matter of law. The jury by its answer to the special question determined that she was not guilty, as a matter of fact, of negligence contributing to the collision. The conclusion necessarily follows that the

question as to whether negligence on her part, had there been such, was imputable to plaintiff Miller is not involved in the case, and hence may not properly be determined. The trial court was not in error in denying the motion for judgment notwithstanding the verdict.

A similiar situation was presented in *Marrs* v. *Taylor, supra.* There the plaintiff sought to recover damages for personal injuries sustained by her in a collision between her automobile and that of defendant. At the time of the collision plaintiff's car was being driven by her husband. The jury returned a general verdict for plaintiff, and found in answer to a special question that the husband was free of contributory negligence. Defendant appealed, claiming that Mr. Marrs was guilty of contributory negligence as a matter of law, and that such negligence was imputed to the plaintiff. This Court determined that the question of negligence on the part of Mr. Marrs was properly left to the jury as an issue of fact. In view of the answer of the jury to the special question the Court declined to consider whether negligence on the part of the husband, had there been such, would have been imputed to the wife, the owner of the automobile. A like course must be followed in the case at bar.

On the trial of the case plaintiff Miller testified that he was 54 years of age at the time of the accident. It was his claim that because of the injuries sustained by him his ability to work and earn wages had been permanently impaired. He testified to having worked at farm labor, as a stationary engineer, as an employee in a paper mill, as the driver of a gasoline tank, and in the restaurant business in which he had embarked in 1948. Testimony was offered as to wages customarily paid in such lines of employment, evidently on the theory that plaintiff, had he not been injured, might have en-

gaged in any of the various lines of employment in which he had had experience previously, and might have earned wages therein as an ordinary laborer. Objections were made to such testimony on the ground that plaintiff was at the time of the accident operating a restaurant, and that proofs as to his loss of earning ability should be confined to that character of work. The objections were overruled and the jury was permitted to consider the testimony for its bearing on the general issue as to plaintiff's loss of earning ability.

In *Pawlicki* v. *Detroit United Railway,* 191 Mich 536, the plaintiff, at the time he was injured, was not working. Previously he had worked in a shoe factory, and testified that he contemplated, prior to the injuries for which he was seeking damages, opening a shoe business in the city of Detroit. Testimony was offered as to the wages he had earned when engaged in such line of work. It was held that it was competent, the Court commenting on the fact that it was "the only available evidence from which his loss by reason of destruction of earning capacity could be weighed, and we think was clearly competent for the jury to take into consideration, for whatever light it might throw on the question of damages." In the case at bar it is a fair conclusion from the record that Miller would have been able, if he had not been injured, to follow any one of several possible employments. The jury was entitled to consider his loss of earnings, in the light of the showing made, as to his ability to work and earn money. In 25 CJS, p 620, it is said:

"Damages should be estimated on the injured person's ability to earn money, rather than what he actually earned before the injury, and the difference in the actual earnings of plaintiff before and after the injury does not constitute the measure; hence the amount which plaintiff is capable of earning and not

that which he has actually earned since the injury is to be taken for the purpose of comparison with his previous earnings as showing the diminution of earning capacity, evidence as to actual earnings subsequent to the injury being received not as tending to mitigate damages but to establish plaintiff's earning powers. Accordingly, recovery may be had for impairment or diminution of earning ability or power, even though it should not be shown that plaintiff has in the past earned anything or been engaged in a remunerative or compensable pursuit."

In *Hanna* v. *McClave,* 273 Mich 571, an action to recover damages for negligently causing the death of plaintiff's decedent, it appeared that such decedent was 76 years of age and had been a retired farmer for a number of years. It was claimed that the trial court erred in submitting to the jury the issue of damages for loss of earning capacity because there was no loss of probable future earnings under the circumstances. There was evidence, however, that decedent was able to do farm work, and that such work was worth a certain amount per day. In sustaining the charge of the trial court reliance was placed on *Pawlicki* v. *Detroit United Railway, supra,* and *Foote* v. *Huelster,* 272 Mich 194. In *Herzberg* v. *Knight,* 289 Mich 29, an action for damages for personal injuries, the proofs disclosed that the plaintiff had worked only on his own farm and not for others. He was disabled from performing labor, and it was held that the fact that he had not worked for others and earned wages did not relieve defendant from liability in a reasonable amount. See, also, *Norris* v. *Elmdale Elevator Co.,* 216 Mich 548, 554.

We think the rule indicated in the statement above quoted from CJS is applicable under the facts in the instant case and is consistent with prior decisions of this Court. Certainly the testimony as to the differ-

ent kinds of labor in which plaintiff had engaged was competent. Apparently it was received without objection in order that it might be considered by the jury as bearing on the loss of plaintiff's earning ability. Being competent to pursue various lines of employment, no reason is apparent for precluding him from showing what he might earn in different kinds of labor that he had performed in the past, and which he would have been capable of performing in the future had he not been injured by defendant's negligence. There was no error in the admission of the testimony in question. The charge of the trial court fairly presented to the jury the question of damages and was not open to objection.

Plaintiff's declaration was apparently drawn on the theory that he had been damaged because of his inability to continue to operate the restaurant. In testifying to his physical condition following the accident he stated, in substance, that because thereof he was unable to perform necessary tasks in his place of business. No testimony was offered with reference to any damages suffered by plaintiff because of the closing of the restaurant, and counsel for plaintiff stated on the record that such damages were not claimed. Defendants' counsel, however, undertook to introduce testimony tending to show that Mr. and Mrs. Miller could not continue with the restaurant because of the denial of a license to them by the township board. Such testimony was objected to and was excluded on the ground that it was immaterial inasmuch as plaintiff was not claiming damages resulting from the termination of the business. Obviously the introduction of the testimony might well have resulted in injecting into the trial a collateral matter, possibly of a prejudicial character and having no permissible bearing on any issue in the case. The ruling of the trial judge was correct.

It appears from the printed record that during his argument to the jury counsel for the plaintiff made reference to the special question, which he had requested the court to submit, with reference to negligence on the part of Mrs. Miller. Objection was made to the statement on the ground that it was improper and highly prejudicial, and counsel for defendants asked for a mistrial. The motion was denied but the court instructed the jurors at some length with reference to their duties, and especially with reference to matters with which they were not concerned. Emphasis was placed on the determination of facts and on the functions of the jury in that regard, the statement being made that "you are not to be motivated in any way or influenced in any way by anything that may result from such determination." The record, as printed, does not set forth the argument of plaintiff's counsel, to which defendants objected. It may be assumed, however, that the instructions of the trial court adequately took care of the matter.

Other questions raised by counsel on this appeal have been considered and found to be without substantial merit. We are impressed that the case was fairly tried and determined. We find no error sufficiently prejudicial to require a reversal. The verdict, as reduced by the amount of the remittitur, is not excessive. Plaintiff underwent severe pain and suffering, and sustained permanent injuries of such character as to interfere with his future earning ability. The judgment is affirmed, with costs to plaintiff.

DETHMERS, C. J., and ADAMS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.