### GONZALEZ v. HOFFMAN.

1. TRIAL—CONDUCT OF COUNSEL—CREDIBILITY OF WITNESSES.
   Defense counsel's conduct in disclosing fact plaintiff had not
       indicated medical disablement on an employment application,
       and in his argument to the jury suggesting plaintiff was lying
       to the court, *held*, not to be of such character as to deprive
       plaintiff of a fair trial and constitute reversible error, since
       the credibility of the witness is open to scrutiny and his
       answers to questions on employment application were proper
       subject matter for cross-examination, and a permissible in-
       ference to be drawn from plaintiff's testimony was that his
       claim of physical disability was false.

2. WITNESSES—CROSS-EXAMINATION—INCONSISTENT STATEMENTS.
   A witness may, on cross-examination, be shown to have made
       previous statements inconsistent with his testimony.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SAVING QUESTIONS
   FOR REVIEW—OBJECTION.
   Generally, no error is presented for review where no objection
       is made in trial court and no ruling made by trial judge.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 464.
[2] 58 Am Jur, Witnesses § 767 *et seq.*
[3, 6] 5 Am Jur 2d, Appeal and Error § 553.
[4] 53 Am Jur, Trial §§ 480, 485.
[5] 53 Am Jur, Trial § 463.
[7] 29 Am Jur 2d, Evidence § 449.
[8] 29 Am Jur 2d, Evidence § 866.
[9] 22 Am Jur 2d, Damages § 89 *et seq.*
[10] 29 Am Jur 2d, Evidence §§ 250, 269.
[11] 53 Am Jur, Trial § 123.

4. TRIAL—ARGUMENT TO JURY—INFERENCES.

Counsel is limited in subject matter, in arguing to a jury, to those matters before the court as disclosed by the testimony and reasonable inferences from it and may not express opinions or conclusions upon matters not found in the record.

5. SAME—ARGUMENT TO JURY—CONTROL BY COURT.

Counsel is given some leeway in his argument and the control of his argument is within the discretion of the court.

6. APPEAL AND ERROR — CROSS-EXAMINATION — ARGUMENT — SAVING QUESTION FOR REVIEW—OBJECTION.

Alleged error in cross-examination of medical witness and argument to jury as to plaintiff's claim of disability arising from rear-end collision was not saved for review where no objection was interposed as to the argument and objection as to cross-examination was withdrawn.

7. EVIDENCE—PAYMENT OF MONEY—RECEIPTS—BEST EVIDENCE RULE.

The best evidence rule has no application to a case where a party seeks to prove a fact which exists independently of any writing, and the payment of money may be proved by parol without accounting for the absence of a receipt evidencing the payment.

8. SAME—MEDICAL EXPENDITURES—RECEIPTS.

Exclusion of testimony as to medical expenditures for prescriptions and medication by plaintiff where he failed to keep receipts *held,* to be error.

9. DAMAGES—PERSONAL INJURIES—EARNING CAPACITY.

Correct measure of damages in a personal injury case is the loss of plaintiff's earning capacity, which might decrease even though actual earnings increase.

10. EVIDENCE—REBUTTAL EVIDENCE.

Rebuttal evidence is that which explains, contradicts, or otherwise refutes defendant's evidence; its purpose is to cut down defendant's case, not merely to confirm that of plaintiff.

11. TRIAL—REOPEN PLAINTIFF'S CASE—DISCRETION OF COURT.

Refusal of trial court, in an action to recover for personal injuries, to admit as rebuttal evidence or, in the alternative, to reopen plaintiff's proofs at close of defendant's proofs in order to admit testimony by a doctor about a physical examination and his conclusion from the examination although defendant's witness had conducted no such examination *held,*

not an abuse of discretion, where defendant's last witness' testimony raised no new matters which would necessitate the introduction of rebuttal testimony by plaintiff.

Appeal from Wayne; Burdick (Benjamin D.), J. Submitted Division 1 October 4, 1967, at Detroit. (Docket No. 2,192.) Decided March 19, 1968. Order on rehearing modifying remand filed December 10, 1968. Leave to appeal granted February 21, 1969. See 381 Mich 805.

Declaration by Eloy Gonzalez against Frederick C. Hoffman to recover for personal injuries and for property loss. Verdict and judgment for plaintiff. Plaintiff appeals alleging inadequate verdict. Reversed and remanded.

*Zeff & Zeff,* for plaintiff.

*Garan, Lucow & Miller,* for defendant.

T. G. KAVANAGH, J. On December 24, 1959, the car which plaintiff was driving was hit from behind by a car driven by defendant and was pushed into the car ahead of him. In July 1961 plaintiff commenced this action claiming damages for property loss and personal injuries. Defendant admitted liability and the trial proceeded solely on the issue of damages. The jury returned a verdict for $2,000 and plaintiff has appealed.

Four issues are raised on appeal; the first is that defense counsel's conduct and argument were of such inflammatory character as to deprive plaintiff of a fair trial and so constituted reversible error.

During his cross-examination of plaintiff defense counsel elicited the fact that in filling out an application for employment with the Ford Motor Company plaintiff failed to indicate that he was medically disabled. Counsel asked plaintiff if he was not

trying to put something over on Ford Motor Company. Plaintiff professed not to understand the question and counsel replied: "Either you're lying to us or to the Ford Motor Company." Upon objection to the word "lying" the court said that he would strike it. In his closing argument counsel for defendant said:

"I submit to you that if this man would lie to get a job at a place where he has continued working for many years, that he has absolutely no hesitation to get onto that stand and to lie to you."

The principal issue in this case is whether plaintiff has been physically disabled by defendant's negligence and on direct examination plaintiff testified at length concerning his alleged disability. Certainly his credibility was open to scrutiny and his answers to the questions on his employment application were proper subject matter for cross-examination. See *Bennett* v. *Wallace* (1911), 165 Mich 66. In *People* v. *MacCullough* (1937), 281 Mich 15, the Court said at page 26:

"A witness may, on cross-examination, be shown to have made statements inconsistent with his testimony. *Gibbs* v. *Linabury* (1871), 22 Mich 479 (7 Am Rep 675); *Graham* v. *Myers* (1887), 67 Mich 277; *Lepard* v. *Michigan Central R. Co.* (1911), 166 Mich 373 (40 LRA NS 1105). And, if there is anything suspicious in the character of the testimony of a witness, he may be subject to rigid cross-examination."

Counsel for plaintiff did not make a seasonable objection to the argument of which he now seeks to complain. Having thus failed to present to the trial court an opportunity to correct any harm he may not raise his objection for the first time on appeal. *Taylor* v. *Lowe* (1964), 372 Mich 282. Moreover,

we are not impressed that the argument complained of was improper or prejudicial.

"In arguing to a jury, counsel is limited in subject matter to those matters before the court as disclosed by the testimony of witnesses. He is entitled to draw reasonable inferences from that testimony, but he cannot express his opinions or conclusions upon matters not found in the record." *Hayes* v. *Coleman* (1953), 338 Mich 371, 382.

Counsel is to be given some leeway in his argument and the control thereof is within the discretion of the court. *Elliott* v. *A. J. Smith Contracting Company, Inc.* (1960), 358 Mich 398. Certainly one of the permissible inferences to be drawn from plaintiff's testimony on cross-examination is that his claim of a physical disability was false. Accordingly, we do not find an abuse of the court's discretion.

Plaintiff's contention that defense counsel's cross-examination of Dr. MacMillan and his argument to the jury amounted to testimony on his part from his own experience. The record is barren of any proper objection, no objection having been made to the argument, and objection to the cross-examination having been withdrawn.

Plaintiff asserts as the second issue that the court erred in excluding his testimony as to medical expenditures for prescriptions and medication. He testified that he did not keep the receipts for his expenditures for medication and the court sustained defendant's objection to his oral testimony as to the amount of such expenditures, ruling that the best evidence would be the receipts. The court permitted plaintiff to make a separate record of the excluded testimony, pursuant to GCR 1963, 604, thus saving this question for appellate review,

We hold that the exclusion by the court of plaintiff's proffered testimony was error.

"The best evidence rule has no application to a case where a party seeks to prove a fact which has an existence independently of any writing; he may do so by oral testimony, even though the fact has been reduced to, or is evidenced by, a writing." 29 Am Jur 2d, Evidence § 449, p 510.

"The payment of money * * * may be proved by parol without accounting for the absence of a receipt evidencing such fact, where the witness can testify to the fact positively and from his own independent knowledge, not founded on his having seen the receipt. * * * While bills representing payments by a person have been held admissible, receipts have sometimes been held inadmissible as being inferior to the testimony of living witnesses." 32A CJS, Evidence, § 802, p 133.

In the case at bar the expenditure of money was a fact independent of any receipt, and while it may be arguable that a receipt would be stronger or more cogent evidence than plaintiff's testimony, such a circumstance does not preclude such testimony.

At trial plaintiff testified that he was earning more money after the accident than before. Nevertheless the proper measure of damages is not necessarily the difference between plaintiff's earnings before the injury and those after, but rather the loss of plaintiff's earning capacity which, under some circumstances, might decrease even though actual earnings increase. *Van Driel* v. *Stevens* (1918), 200 Mich 291. Plaintiff contends as his third assertion of error, that the question of his loss of earning capacity was not properly submitted to the jury because of deficiencies in the court's instructions, the pertinent part of which follows:

"The injured party should be awarded compensation for all injuries, past and prospective. They are intended to include and embrace indemnity for actual medical expenses, also for loss of power of earning capacity, the capacity to be able to earn money, and reasonable satisfaction for loss of physical powers. The elements which you, the jury, are entitled to take into consideration consist of all personal inconvenience, the sickness which plaintiff endured, the loss of time from other pursuits."

The court refused to give plaintiff's requested charge number 3:

"I charge you that a factor in estimating damages should be the injured person's ability to earn money, rather than what he actually earns before the injury, and the difference in the actual earnings of the plaintiff before and after the injury does not necessarily constitute the measure."

Evidently the plaintiff's theory in requesting this charge is that unless so cautioned the jury would conclude that since plaintiff's earnings had increased he could not have incurred a loss of earning capacity. In support of his contention that the court erred in not giving the requested charge, plaintiff relies upon *Miller* v. *Pillow* (1953), 337 Mich 262 and *Van Driel* v. *Stevens, supra.* In *Miller* the plaintiff had submitted evidence that prior to his injury he had been engaged in other kinds of work than that which he was doing at the time of the injury; that wages in these other occupations were higher than his wages in his present occupation; and that had he not been injured he might have been engaged in those other lines of work. The Court held that the proofs as to plaintiff's loss of earning capacity should not be confined to the character of work he was doing at the time of his injury. These are a different set of circumstances than those obtaining in

the case at bar and accordingly *Miller* does not support plaintiff's position. In *Van Driel* the plaintiff had pointed out that wages had gone up between the time of the accident and the time of the subsequent employment; that his injury had made it necessary for him to do lighter work; and that the testimony that the injury had permanently impaired him was undisputed. Consequently, the Court held that the question of decreased earning was properly submitted to the jury even though plaintiff was earning as much after the accident as before. There have been no such showings by plaintiff in the case at bar and we hold that the court did not err in refusing the requested charge. The jury was instructed to consider the question of loss of earning capacity and plaintiff is entitled to no more.

Finally, plaintiff contends that the court abused its discretion when it refused to permit plaintiff to offer rebuttal medical testimony. After plaintiff had closed his proofs, which included the testimony of three doctors, defendant called Dr. MacMillan who gave testimony tending to contradict plaintiff's evidence as to his physical condition. Counsel for plaintiff cross-examined Dr. MacMillan extensively and questioned him about an electromyographic examination, although the doctor had not conducted such an examination on plaintiff. After defendant had rested his case, plaintiff called Dr. Cohen as rebuttal witness. The court refused to admit the testimony as rebuttal, and denied plaintiff's request, in the alternative, to reopen his proofs, on the grounds that defendant had not been given a copy of the results of the doctor's examination of plaintiff, and that he had not been offered as a witness at the time of pretrial or at any time thereafter. Plaintiff made a separate record of Dr. Cohen's testimony, GCR 1963, 604, thus saving this question for review.

On the separate record the doctor testified that he had conducted an electromyographic examination on plaintiff and he stated the results of the examination and his conclusions therefrom. This was all testimony which could properly have been submitted as part of plaintiff's case in chief.

"Rebuttal evidence is that which explains, contradicts, or otherwise refutes defendant's evidence. Its purpose is to cut down defendant's case and not merely to confirm that of plaintiff." *Van Tassel* v. *Patterson* (1951), 235 Minn 152, 160 (50 NW2d 113, 117).

The record discloses that Dr. MacMillan's testimony raised no new matters which would necessitate the introduction of rebuttal testimony by plaintiff. Accordingly, we hold that the court did not abuse his discretion in refusing to admit the proffered testimony as rebuttal evidence, or in refusing to permit plaintiff to reopen his proofs. See *Lexchin* v. *Mathews* (1934), 269 Mich 120.

Because of the court's improper exclusion of plaintiff's testimony regarding his medical expenditures, judgment is reversed and the cause remanded. Appellant may tax costs.

LESINSKI, C. J., and J. H. GILLIS, J., concurred.

## ORDER ON REHEARING

It is ordered that the trial upon remand shall be limited to the issue of medical expenditures improperly excluded as more fully detailed in the opinion previously filed in this case.

The Court retains no jurisdiction herein.